## WHEELHOUSE v. BRYANT *et al.*

1. ADMINISTRATOR'S BONDS: JURISDICTION. The District Court has original jurisdiction of actions for breaches of the conditions of administrator's bonds.

2. SAME: COUNTY COURT. While the County Court may, in the summary manner provided by §§ 1387-9 of the Code of 1851, enforce compliance with an order directing an administrator to make payments in accordance with the prior order of the court, such court does not have exclusive jurisdiction.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 16.

ACTION on an administrator's bond. The petition sets out the death of the intestate, the appointment of the defendant, Bryant, as administrator of his estate, and the execution of the bond in suit by both of the defendants. The petition further avers that the administrator has received money, goods, chattels, wares and merchandise, rights, credits and choses in action, the property of said decedent, to the value of twelve hundred dollars; and that the covenants and conditions of said bond have been broken in this — that the said administrator has never made any inventory or return of said property, to the County Court in the manner prescribed by law; that he has refused to set off to the plaintiff, who is the widow of the decedent, such property as by law she was entitled to, but on the contrary, converted such property to his own use; that he did not report his proceedings as administrator within one year from his appointment, nor at any other time; that he did not make settlement as by law required, and pay over the sum due the plaintiff; that he has not managed the business of the administration with a view to the interests of the estate; and that he has refused to obey an order of the Probate Court requiring him to account and pay over

the moneys, property, &c., belonging to the estate, and remaining in his hands. To this petition there was a demurrer for causes presented in the opinion of the court. The demurrer was sustained, and the plaintiff appeals.

*Brown & Sibley* for the appellant.

The first ground of demurrer is, that the District Court had no jurisdiction in such an action, save on appeal from the County Court. We affirm that the District Court had jurisdiction.

1. The District Court is one of superior or general jurisdiction, and is the only such court in this state of original jurisdiction. Const., art. 5, secs. 1, 6; Code of 1851, sec. 1576.

2. Nothing shall be intended to be out of the jurisdiction of a superior court, save what especially appears so. *Cooper* v. *Sunderland*, 3 Iowa, 125 ; 1 Smith's L. C. (5th ed.), 816, 822, 848, and the cases there cited ; *Peacock* v. *Bell*, 1 Saund., 74.

3. The Code does not take away the jurisdiction of the District Court. Concurrent jurisdiction is conferred upon the County Court in certain cases. Code of 1851, sections 138, 1387–1389.

4. Courts of general jurisdiction have ever taken cognizance of this class of cases, as in *Anderson* v. *Vance et al.*, Morris, 436, where no question is made as to the jurisdiction ; *Eaton* v. *Beerfield*, 2 Blackf., 52 ; *Matthews* v. *Page*, Brayt., 106 ; *Edeler* v. *The State*, 4 Gil. and John., 277 ; *Boston* v. *Boylston*, 4 Mass., 318 ; *Judge of Probate* v. *Fillmore*, 1 Chip., 420 ; *The People* v. *Duncan*, 1 John., 311 ; *Dickerson* v. *Robinson*, 1 Halst., 195 ; 2 Har. & John., 38 ; 3 Id., 503.

*McHenrys* for the appellee, cited *Fotiaux* v. *Lepage*, 6 Iowa, 123 ; *Childs, Sandford & Co.* v. *John Hyde & Co.*, 10 Id., 294; and contended that *Cooper* v. *Sunderland*, 3 Id.,

123; *Peacock* v. *Bell*, 1 Saund., 74; 4 Mass., 318; and *Eaton* v. *Beerfield*, 2 Blackf., 52, are not applicable.

LOWE, J.—Suit on administrator's bond, which ended in sustaining a demurrer to plaintiff's petition, and dismissing the cause, upon the ground that the District Court had no original jurisdiction of this class or character of cases, but only appellate, when the cause is transferred by appeal from the court of the judge of probate for revision or correction. This, we think, is simply a misapprehension. The judge of probate, to be sure, has jurisdiction over the administration and settlement of the estates of decedents; but there is nothing in the statutes defining the duties and powers of this tribunal, that gives it the exclusive jurisdiction over the various delinquencies for which an administrator is liable on his bond, and unless there is some such express provision, the general original jurisdiction of the District Court over the subject in controversy cannot be affected. The rule upon this point, heretofore recognized by this court (3d Iowa, 125), and other courts and elementary law writers, is: "That nothing shall be intended to be out of the jurisdiction of a superior court but that which especially appears so." There are some defaults or failures in regard to which, without doubt, the two courts have concurrent jurisdiction in a proceeding upon the bonds.

Sections 1387–8–9 authorize the judge of probate where there has been a failure to make payment of any kind in accordance with the order of the court, to summon the administrator and his sureties on the bond before him, at a time to be specified, to show cause why they have failed to comply with his order; if no sufficient cause can be shown, the court has power to render a judgment on the bond for the amount of money directed to be paid, and may issue execution accordingly.

This power was wisely conferred upon the judge of probate, to enable him to make effectual an order which had been previously entered in regard to the payment of money on hearing, and upon settlement found to be in the hands of the executor. We are to suppose that the executor was satisfied with the order, otherwise he would have appealed, as it was his privilege to do.

Having had then a hearing upon the order made, and taking no exception to the same, should the parties entitled to receive the money be left entirely to the mercy of the executor to comply, or not to comply with said order, according to his own pleasure? Certainly not; and while the wisdom of the summary remedy prescribed in the sections of the Code referred to, for forfeitures of that particular class is to be commended, it by no means follows that the Probate Court has exclusive jurisdiction over all the delinquencies which an executor may be responsible for on his bond.

Suppose the executor complies with all the orders and requirements of the Probate Court, but creditors, or heirs of the estate, should nevertheless be satisfied that he had been faithless in the management of the estate and the discharge of his trusts, and that they had sustained a loss in consequence thereof, would they be restricted in their remedy on the bond to the jurisdiction of the Probate Court in the first instance, where neither they, nor indeed the defendants could have the benefit of a jury trial upon so grave an inquiry?

It seems to us that no just interpretation of the statute defining the powers and duties of our several courts, can lead to the conclusion that the litigation of their rights has been withdrawn from the general jurisdiction of the District Courts.

There were other grounds of demurrer assigned, not insisted upon however in this court, for the reason, perhaps,

that they do not come within any of the causes enumerated in the Code of 1860, or the proper subjects of a demurrer.

The judgment below being reversed, the case is remanded.

Reversed.