## WAPLES *et al.* v. MARSH *et al.*

1. **Abatement:** ANOTHER ACTION PENDING. The granting of letters of administration by the County Court does not constitute an action pending which would oust the jurisdiction of the District Court which would otherwise attach.

2. **Jurisdiction:** DISTRICT COURT. In this State the District Court has general jurisdiction, and its powers are of such nature as to give it cognizance of proceedings by creditors to compel an administrator to sell real estate for the payment of debts and of all other actions except when denied or when taken away by express language or by necessary implication.

3. —— APPEAL. The right of appeal from a judgment of the county court to the District Court does not necessarily deprive the latter of its original jurisdiction.

4. —— ORDINARY AND EQUITABLE CLAIMS. Ordinary claims against an estate should be filed originally in the County Court, and cannot be proceeded with originally in the District Court without the approbation of the County Court. But this rule does not apply to matters of an equitable nature of which courts of chancery have cognizance.

5. —— COUNTY AND DISTRICT COURTS. The statute does not give to the County Court exclusive jurisdiction of all matters connected with the settlement of estates; the jurisdiction of the District Court is not taken away either expressly or by fair implication; and the statute nowhere gives, in terms, to the County Court, the power to entertain a bill by creditors to compel the administrator to sell real estate.

*Appeal from Dubuque District Court.*

## MONDAY, JANUARY 8.

PLAINTIFFS are creditors of the estate of James Marsh, deceased, who departed this life in January, 1858, and the defendant, Ann J. Marsh, is the administratrix of said estate, duly appointed in February of the same year. The petition filed originally in the District Court, shows that plaintiffs' claims have been duly allowed by the proper probate court, and that personal property came into the hands of the administratrix, for which she fails and refuses to account; that this property is insufficient to pay the

costs of administration and the claims allowed; that said James died seized of certain real estate described as the homestead, but liable to pay plaintiffs' claims, which the administratrix has refused to sell and thus apply; and the prayer is, that she be required to account for the personal property; that she be ordered to sell the real estate (described), and apply the proceeds arising from both the personal and real property to the payment of plaintiffs' claims, and for other relief, &c.

Defendant demurred, upon the ground, among others, that the District Court had no jurisdiction, claiming that the County Court alone in this State has original jurisdiction of the matter contained in, and to grant the relief sought by the petition. This demurrer was sustained, and plaintiffs appeal.

*Allison, Crane & Rood* for the appellants.

*Beach & Grey* for the appellees.

WRIGHT, J. — The demurrer suggests that no copies of the orders of the County Court allowing plaintiffs' claims

1. ABATE-MENT: another action pending.

are attached to the petition, and that it appears that another action is pending. These objections are not seriously urged here, and indeed could not well be, in view of an amendment made to the petition, and the condition of the record as it comes before us. The fact that administration had been granted by the County County, would not constitute another *action* pending so as to oust the jurisdiction of the District Court under a petition like that before us, unless the jurisdiction in all matters connected with the settlement of estates, is by our statute given exclusively to the inferior tribunal. And this presents the real question in the case, and its

determination involves the construction of several provisions of the Code to which counsel have referred.

That a creditor has a right, under the English practice, to come into chancery for a discovery and distribution of 2. JURISDIC- assets, against an administrator, is not denied and TION: Dis- trict Court. could not well be. *Thompson* v. *Brown*, 4 Johns. Ch., 633; 1 Story Eq. Jur., §§ 542, 547. And whenever in this country, the jurisdictional powers of the probate court and the mode of procedure therein, are amply sufficient to accomplish the object contemplated, and designed to be attained by proceeding before the chancellor, a court of equity ought not and will not ordinarily interfere. And this is especially so when, as in *Seymour* v. *Seymour*, 4 Johns. Ch., 419, cognizance of the case or proceedings has duly attached before the surrogate or County Court. In this State the District Court is one of general jurisdiction, and its powers are such as to give it cognizance of matters of this nature and all others, except where it is denied or taken away by express language or necessary implication. *Sterritt* v. *Robinson, Adm'r*, 17 Iowa, 61. This is the plain language of the statute, which accords with the constitutional provision defining the jurisdiction. Const. art. 5, § 6, Rev., § 2663. Having the right then, to "exercise general original jurisdiction," the question is, whether within the language of the statute, "it is otherwise provided by law" that County Courts can alone take cognizance of cases like that now before us.

We are referred to §§ 241 and 2304 of the Revision. The first invests the county judge with the usual powers 3. —— ap- and jurisdiction of a judge of probate, and "with peal. such other powers and jurisdiction as are conferred by this statute." The latter declares that the County Court has power to grant probate of wills, grant administration of the estates of all persons, &c.; "and it has jurisdiction in all matters relating to the settlement of

such estates. In this connection, counsel also refer us to
§§ 267–270 and 2395. Those first cited (267–270) give
the right of appeal to the District Court, from all decrees
and decisions of the County Courts on the merits, &c. All
that can be claimed from these is, that the appellate power
of the District Court is here recognized, which is in perfect
accord with the constitutional provision, that it shall have
jurisdiction "in such manner as shall be prescribed
by law." But for the statute giving the right to appeal,
the determination of a matter properly within the cogniz-
ance of the inferior tribunal would be final. The juris-
diction of the County Court, in such a case, would not
only be original but conclusive. But it by no means
follows, from the existence of the appellate power, that
there may not be original power over some of the same
matters. Thus, we know that an appeal is given from
the judgment of a justice of the peace in many cases,
which the parties might have commenced originally in the
District Court. And it has been expressly held that an
order admitting a will to probate may be contested by
an appeal from such order, or by an original proceeding in
the District Court. *Havelick* v. *Havelick*, 18 Iowa, 414; and
see *Wheelhouse* v. *Bryant*, 13 Id., 160. Indeed, it is a pro-
position too plain to admit of controversy, that the giving
of the right to appeal does not necessarily exclude the
original jurisdiction of the appellate tribunal.

There can be no doubt that claims against an estate
should be filed originally before the County Court. The
statutory provision is, that claims must be clearly
stated, sworn to, and filed, and those "for a mere
money demand" cannot be prosecuted originally
in the District Court, except with the approbation of the
County Court. §§ 2391, 2395. These provisions have
reference, however, to ordinary claims or debts against an
estate, and do not include those matters of an equitable

4. —— ordi-
nary and
equitable
claims.

nature, of which a court of chancery has cognizance, upon the well settled principles of equity jurisprudence. The language employed is in harmony with this view, for it excludes the jurisdiction of the District Court, "except with the approbation," &c., alone as to claims for a " mere money demand where no lien is to be enforced," thereby strongly implying that, as to all other matters, the jurisdiction of the District Court remains unaffected.

The sections first cited (241, 2304) were only intended to assert generally the nature and character of the jurisdiction of the County Court. There is nothing contained in either justifying the conclusion that its jurisdiction "in all matters relating to the settlement of estates" was intended to be exclusive. As a rule, we grant it is much more in accord with the spirit and purpose of the statute, to leave all such matters to be disposed of in the court granting the administration. This is when the final settlement is to be made, and any decree or order made by the District Court, affecting the assets or settlement, should be certified to the County Court. The necessity of thus certifying in any case is no argument against the exercise of the jurisdiction. For we know that courts of equity have long entertained jurisdiction in the matter of the discovery and distribution of the assets of an estate. A jurisdiction still retained, it is believed, by courts exercising general chancery powers, except where granted exclusively to some other tribunal.

That the other tribunal may even have some of the same powers — or as to some matters, have a concurrent jurisdiction — does not oust that of the higher or superior court, for nothing is more common than to lodge jurisdiction as to the same matter, concurrently in two different courts, having, in many other respects, other and distinct powers. And the necessity and propriety of retaining this jurisdiction in the higher tribunal is, perhaps, as well

illustrated by the case before us as any other. Aside from the allegation that the administratrix fails and refuses to account for and apply the personal assets, it appears that there is real estate which she refuses to sell for the payment of debts. This, it is alleged, is known as the homestead of the decedent, but petitioners say it is liable to pay their debts, as they were contracted prior to the purchase of such homestead. Now, the statute gives to the County Court the power to order the sale of real estate for the payment of debts, on the petition of the administrator. It is a court of limited jurisdiction, deriving all its powers from the statute. We are not aware that it has authority to entertain a bill by *creditors* to compel the administrator to sell; and see *Long* v. *Burnett*, 13 Iowa, 28.

But if the power was even conceded, it would by no means follow that the District Court could not, having concurrent power, accomplish the same thing. And especially is this view and the necessity of such jurisdiction sustainable, when we reflect upon the intricate and important nature of the question likely to arise under this very bill. Here is a homestead, we should infer of great value, which creditors seek to subject to the payment of debts. What more appropriate than that a court of general jurisdiction, possessed of the largest chancery powers, having at its control all the means necessary for a full and complete adjustment of all the matters in controversy, should be appealed to and authorized to apply the proper remedy?

We see, therefore, that the statute does not give to the County Court exclusive jurisdiction of all matters connected with the settlement of estates; that the jurisdiction of the District Court is not taken away, either expressly or by fair implication; that the statute nowhere gives, in terms, to the County Court the power to entertain a bill by creditors to compel the

5. County and District Court.

administrator to sell real estate: that in the case before us, there seems to be a peculiar propriety for invoking the aid of an equity tribunal, possessed of full and adequate power, and based upon these propositions is our conclusion that the demurrer was improperly sustained.

It only remains to refer to a few cases claimed to be in conflict with the views above expressed. *Seymour* v. *Seymour*, 4 Johns. Ch., 409, sought to transfer *the whole matter of account* between the administrator and next of kin, to the Court of Chancery, and that too after the jurisdiction had attached before the surrogate. That case differs in every essential respect from this, and especially in view of the enlarged powers conferred upon the surrogate by the N. Y. Statute. 1 N. R. L., 448, § 118; *Gates* v. *Treat*, 17 Conn., 389, only holds that under the statute of that State, the Probate Court has power to make partition of lands among heirs, and that its decree in a matter thus within its jurisdiction, is as conclusive on the parties as the judgment or decree of any other court. The cases of *Pilkin* v. *Pilkin*, 7 Id., 318; *Bailey* v. *Strong*, 8 Id., 273; *Beach* v. *Norton*, 9 Id., 195, were all different in their facts from the case before us, and under a practice which invested the probate tribunal with chancery powers, and the ability to so mould and form its decrees as to do entire justice between all the parties in interest. *Dicks* v. *Hatch*, 10 Iowa, 380, arose under section 2362 of the Code of 1851, Rev., 3952, and was an action of forcible entry, &c. Such an action is *quasi* criminal and needs a statutory direction to authorize its institution, and to provide the manner of prosecuting the same. The very character of the remedy recognizes the necessity of making it triable, originally, before a tribunal always open and able to proceed summarily in its disposition. More need not be said to indicate its inapplicability to the question now before us.

Reversed.