## CLARK v. CRESS *et al.*

1. **Executor and administrator**: BREACH OF BOND: ACCOUNTING. In an action for a breach of an administrator's bond by not accounting at the end of one year, as required by § 2447 of the Revision of 1860, it is not a complete defense that the administrator made a report and statement of account to the County Court after the commencement of the action. Neither does such an accounting constitute a defense to an allegation of breach of bond by converting the assets of the estate to his own use.

2. **Pleading**: MOTION: DEMURRER. In an action on an administrator's bond for a failure to account as required by law, a settlement alleged in the

answer, made after the commencement of the action, cannot be assailed by motion to strike it out. If it is not a sufficient defense it should be assailed by demurrer.

3. **Executor and administrator:** ACCOUNTING NOT FINAL. An interlocutory *ex parte* accounting by an administrator with the county judge, does not conclude any party interested.

4. —— ACTION UPON BOND. When suit is brought upon an administrator's bond, for a breach in converting the assets to his own use, and in not accounting as required by law, the administrator cannot, by going into the County Court and making an accounting *ex parte*, oust the District Court in its jurisdiction.

*Appeal from Decatur District Court.*

SATURDAY, JANUARY 27.

PLAINTIFF is the widow and heir of Richard McCarty, who departed this life in April, 1862. Cress was appointed administrator of said estate in June of the same year, giving bonds, with his co-defendant, as his surety. This action is upon this bond, the breaches alleged being that the administrator has failed to settle within one year from the time of his appointment; that he had utterly failed to account for the property coming to his hands; that he had appropriated a portion of the property to his own use, and that he had failed to pay to plaintiff, as sole heir, the amount in his hands over and above the payment of debts.

This suit was commenced September 11, 1865. Defendants, in their answer, deny all indebtedness, and set up and refer to a report and settlement of the administrator, made with the County Court, on the 16th of the same month. From the original inventory, it seems there was a land warrant belonging to the estate, valued at $200, and in this report the administrator, in giving items of property on hand, and for which he is entitled to credit, uses this language: "One land warrant handed over to county judge, $200." Plaintiff moved to strike all this *account* (or the copy of the report), because it was not made before the

Clark v. Cress.

commencement of this action. She also moved to strike from the account the $200, because' defendants, and not the county judge, must be responsible for the same. Their motion was overruled, plaintiff excepted, and now assigns this ruling for error.

Plaintiff then replied: *First*, That the account or report of the administrator was filed *after* the commencement of this suit; and, *Second*, She denied the correctness of said account, because, she says, there is not $200 of the property of said estate in the hands of the county judge, and because the same was not paid on any order of said judge.

Defendants demurred to said replication, so far as it related to the land warrant; because, *First*, Said settlement, including that part relating to the land warrant, was made to, and allowed by, a court having jurisdiction of the subject matter; and, *Second*, Plaintiff seeks in a collateral manner to question a matter passed upon and adjudicated by a tribunal having jurisdiction of the same; and that her remedy is by appeal or some other direct proceeding. This demurrer was sustained, and " the court (proceeds the entry) being satisfied that settlement had been made as set forth in defendants' answer, it is, therefore, ordered that defendants have and recover their costs," &c. Plaintiff excepted, and appeals.

*S. Forey* for the appellant.

*Warner, Polk* and *McHenry* for the appellees.

WRIGHT, J. — It certainly needs no suggestion from us that the pleadings in this case are in an exceedingly confused condition. We have had great difficulty in extracting therefrom the exact questions or issues designed to be raised or made by the parties. In view of all that is stated, however, it seems to us the court erred in rendering final judgment for

1. EXECU-
TOR AND
ADMINIS-
TRATOR:
breach of
bond: ac-
counting.

defendants, upon "being satisfied that settlement had been made as set forth in defendants' answer." This settlement certainly was not a bar to plaintiff's action, as to some of the breaches alleged in her petition. It is alleged, as one of the breaches, that the administrator had failed to account within one year from the time of his appointment, a duty which is expressly enjoined upon him by § 2447 of the Revision. Whatever other effect the report made in 1865 therefore might have, it is clear that it would not excuse the failure to account as required by this section. Plaintiff might recover, for this breach, nominal damages, at least, and the court was not, therefore, justified in giving the operative effect stated to the report relied upon by defendants in their answer, and the same may be said of the allegation that the administrator had appropriated a portion of the property to his own use.

So far as relates to the more specific questions raised by the plaintiff's motion to strike, and defendants' demurrer to the replication, a brief reference to some provisions of the statute will be sufficient for their disposition.

The motion of the plaintiff, it seems to us, was properly overruled. The fact, that the alleged settlement was made *after* the commencement of this action, was no good cause for striking the account from the answer on motion. If this count of the answer was a good defense, a copy of the account or report was properly annexed as a part of the same. If not a good defense, then it should have been assailed by demurrer, and it is equally evident that the question of the responsibility of the administrator, rather than the county judge, for the land warrant ($200), could not be raised by this method.

2. PLEAD-ING: mo-tion: de-murrer.

This account cannot be deemed impertinent or immaterial, nor is it obnoxious to any of the objections which

can be reached by motion. Upon this subject see *Hayden* v. *Anderson*, 17 Iowa, 158, and the cases there cited.

As to the demurrer to the replication, our views are these: In the first place, the replication was entirely unnecessary to complete the issue. Rev., §§ 2895, 2817, *Davenport Savings Fund Association* v. *North American Ins. Company*, 16 Iowa, 74. Treating it, however, as the parties did, as legitimate and proper, our opinion is, that the demurrer was improperly sustained.

Plaintiff was not concluded by this accounting, whether made before or after the commencement of this action. It 3. EXECU- is very certain that the administrator could not, TOR AND ADMINIS- after being sued upon his bond, make an *ex parte* TRATOR: accounting settlement, and thus defeat plaintiff's action. not final. Nor would the action of the county judge in indorsing his approval in said report, cut off plaintiff's right to contest the correctness of the items thereof. This does not purport to have been a final settlement. Until final settlement, mistakes in these settlements, which may be made from time to time by the administrator, may be corrected, and even after that time, under some circumstances. Rev., § 2457. Then, again, accounts settled in the absence of a person adversely interested, and without notice, may be opened within three months, on his application (§ 2456); and yet if the administrator entirely fails in the discharge of his duty, if he fails for years to make a report, if he appropriates the assets to his own use, if he fails to pay over to the proper party the money or property to which he or she is entitled, any one aggrieved may sue on the bond, and is not confined to a proceeding to compel the administrator to account and pay over in the County Court. He or she may appear and contest the settlements made from time to time, and if thus contesting, might be limited, perhaps, to an appeal from an erroneous order. But, certainly, until in a proper manner the administrator

has been duly discharged from further duties and responsibilities, a party interested is not concluded by these settlements made in his absence and without notice. And when, as in this case, suit is brought upon the bond, **4.——action upon bond.** the administrator by going into the County Court and making an accounting *ex parte*, could not oust the District Court of its jurisdiction. The party aggrieved is not, in such a case, confined to his remedy by appeal from alleging improper allowances. It is not correct to say that the approval of the report by the County Court, under such circumstances, is final, or can be plead in bar of plaintiff's action.

Plaintiff, in no just sense, can be said to attack collaterally a matter passed upon by another competent tribunal. As she might in the County Court have denied the correctness or truthfulness of the alleged settlements, so she may in this proceeding. And thus viewing the case, the demurrer to the replication (assuming that this latter pleading was appropriately filed) was improperly sustained. Upon this subject, see *Wheelhouse* v. *Bryant*, 13 Iowa, 160; *Waples* v. *Marsh et al.*, 19 Iowa, 381.

The case is reversed and remanded, with leave to the parties to replead if they shall be so advised.

Reversed and remanded.