## DIEHL v. MILLER ET AL.

1. **Administrator:** ORDER OF DISCHARGE: WHEN CONCLUSIVE. Where a final order discharging administrators is based upon the receipts of distributees for the amounts found due them, respectively, on final accounting, and no application to set aside such order is made within three months, it becomes conclusive as to the distributees, although they are plaintiffs in an action pending at the time of settlement against the administrators and their bondsmen.

*Appeal from Buchanan Circuit Court.*

### TUESDAY, JUNE 14.

THE plaintiff is the assignee of one Ingsby McKinny and Nancy Niedy, two of the four heirs of Elzy Wilson, deceased. As such assignee he is the owner of an undivided half of the estate. The defendants Miller and Wilson are administrators of the estate. The other defendants are their bondsmen. The plaintiff brings this action to recover of them the amount of distributive shares to which his assignors became entitled as heirs. There was a trial by the court, and a finding that the administrators had been finally discharged. Judgment was accordingly entered for the defendants. The plaintiff appeals.

*James E. Jewell,* for appellant.

*Lake & Harmon,* for appellees.

ADAMS, CH. J.—The entry of discharge was made on the 27th day of May, 1879, and is in these words: "Upon examination of final report of E. Miller, administrator, and it appearing that notice of said final account has been given by publication, proof of which is filed herein, and it appearing that the estate has been fully settled, and all the property accounted for, the report is approved, and the administrator discharged, and the sureties released and the estate closed."

The finding in the case at bar was made, and judgment was rendered thereon, about nine months after the order of discharge was made and entered in the Probate Court. Section 2475 of the Code provides that "any person interested in the estate may attend upon the settlement of accounts by the executor and contest the same. Accounts settled in the absence of any person adversely interested and without notice to him may be opened within three months, upon his application." The court found that the order of discharge had not been impeached or set aside and that the same had become an adjudication; that the administrator had fully accounted and had discharged all the duties for which he or his sureties became bound.

It appears, however, that this action was brought against the administrators and their bondsmen before the order of discharge was made. The plaintiff claims that he is not, therefore, bound thereby.

That it was the duty of the administrators to file their report, notwithstanding the action against them and their bondsmen, there can be no doubt. That it was the duty of the court, sitting as a court of probate, to receive the report, make a final settlement, and upon all the property being accounted for to make an order of discharge, seems equally clear. Whether such order when made could be deemed to have any validity as against the plaintiff is the question which he presents for determination. In support of the proposition that it has not, he cites and relies upon *Clark v. Cress*, 20 Iowa, 50.

In respect to that case it may be said that it does not distinctly appear that there was a final settlement and discharge. But conceding that there was, and that the true rule is that a discharge, though fairly obtained and not opened within the time allowed, will not ordinarily protect the administrator against further proceedings in an action commenced upon his bond, yet it appears to us that the final settlement and order of discharge may be made under such circumstances

that the plaintiff in an action upon the bond should be held to be concluded.

The abstract in the case before us does not purport to contain all the evidence. But from what evidence is set out we understand the facts to be that the plaintiff appeared in the Probate Court and contested the administrators' account for a while, but finally withdrew his opposition; that a certain amount was found due from the administrators, which they paid, and which was distributed. The plaintiff was at that time the assignee of Ingsby McKenny, and it appears to us that the evidence tends to show that he received, and receipted for, such an amount as was determined to be his assignor's distributive share. Nancy Niedy also, it appears to us, received and receipted for a certain amount. It is possible that we misinterpret this evidence. We do not care to go into a critical examination of it, for we do not base any determination upon it.

Every reasonable presumption is to be entertained in favor of the ruling below. If the order of discharge was based upon the receipts of the distributees or their assignee, given for the amount found due them respectively upon the final accounting, and no application was made to set aside the order of discharge within the time allowed, it appears to us that the persons so receipting must be deemed to have acquiesced in the final settlement and order of discharge, and to have become concluded thereby.

We are inclined to think that the facts supposed are true, but it is not necessary for us to demonstrate that they are proven. If the order of discharge might have been made under such circumstances as to conclude the plaintiff, we may presume, as we have not all the evidence before us, that it was made under such circumstances, and that it was so shown to the court below.

AFFIRMED.