Chief Justice Robertson
delivered the Opinion of the Court.
This was a motion in the Circuit Court of Franklin for a judgment against Henry Roberts, for money alleged to have been collected by him as attorney at law for the plaintiffs on an execution from the Circuit Court of the United States for the district of Kentucky.
The Court having dismissed the motion, without a hearing on its merits—the only question is whether that decision was right.
We know of-no law authorizing such a summary proceeding against an attorney of the Federal Court, or any attorney, for money collected upon process from the Federal Court. The statute of 1801, which prescribes the remedy by motion, only provides that an “Attorney at law in any of the Courts of this Commonwealth” may be proceeded against by motion, for money collected by him for his client. But this, we apprehend, was not intended to apply to attorneys of the Federal Court, nor to money collected under process from the Federal Court.—We should not presume that the State Legislature intended to legislate for the Federal Court, or to provide a summary remedy, in a State Court, for enforcing the responsibilities of attorneys who, having collected money for their clients in virtue of process .from the Federal Court, are amenable to that tribunal for their professional conduct-under its authority.—The spirit and object as well as the letter of the enactment of 1801 should, in our *190 opinion, restrict the application of it to cases of collections by attorneys of the State Courts, either without process, or under that of a State Court. The collection must be by an attorney, in his official capacity, as an attorney of a Court of this Commonwealth. And the construction should be strict as to the application of the summary remedy by motion.
And therefore the judgment rendered by the Circuit Court is approved and affirmed.