Totten, J.,
delivered the opinion of the Court.
This case is a motion in the circuit court of Fentress, by Miller, as trustee, against Jones, as attorney at law, for school funds collected by him, and which he had omitted and refused to pay over to the plaintiff. The amount collected was two hundred and sixty-eight dollars.
The defendant gave notice of set-off, stating various sums due to him as fees for attending to sundry suits; some of which were for the recovery of school funds, and some for other purposes. He also states a further sum of forty dollars paid by him, of the fund collected, to E. L. Gardenhire, an attorney at law, as a fee for his attention to certain suits for the recovery of school funds. And the defendant alledges that he made this payment at the instance and request of the plaintiff.
The action of the court is very imperfectly stated in the bill of exceptions, but assuming our construction of it to be the true one, his Honor, the Judge, was of opinion, that the claims stated in the notice, did not form a proper subject of set-off in the present case, and, therefore, declined to hear any proof to sustain them, except only, as to fees due the attorney for collecting the said sum of $268, for the recovery of which this motion was made.
In this we think there is error.
The motion against the attorney, given by statute, is a substitute for the more tedious remedy by action of assumpsit or debt at common law; but there is no reason why the defendant should not be allowed the same defenses to the motion, that it was competent for him to make to the action, if that form of remedy had been adopted. In giving a more summary remedy, it was not intended to deprive him of any just rights of defence; and he may, therefore, insist upon any *153 proper matter of set-off to the motion, in the same manner as to the action.
As to the matter of set-off, it" must be of the same nature and in the same right as the debt , or demand for which the plaintiff sues; and such in part, according to the facts assumed, is the character of the set-off insisted upon in the present case. The plaintiff having no private right to the fund for which he sues, demands it as a trustee; and if there be reasonable and just fees due from him, in his character of such trustee, to the defendant, there is no reason why they should not be allowed as proper matter of set-off.
For it is in fact the balance, after paying such charges, if any there be, that is equitably due to the plaintiff as the trust fund. The charges must be, of course, for attention at plaintiff’s request, to suits for the re'cóvery of the school fund,— the services must have been fully rendered before the institution of this motion, and the fee's be-in themselves just and reasonable. For the trustee would not be authorised upon the credit of the fund, to make improvident retainers, or to pay extravagant fees. As to the fees claimed for suits not determined, and for suits not relating to the school fund, but to other interests, they can have' no connection with the present case.
In reference to the forty dollars, it is assumed that it was paid of the fund in question, at the plaintiff’s request, as a fee to Mr. Gardenhire, for attention to suits for the benefit of the school fund. If these facts be true, the defendant is entitled to the credit, either as payment or set-off.
The judgment will be reversed, and the case remanded for further proceedings.