## WM. CROFT V. F. M. HICKS.

On a motion against an attorney for refusing to pay over his client's money when demanded, he can only be charged with the amounts he actually collected; and he cannot, in this mode of proceeding, be made liable for failing through negligence or other cause to recover judgment for the full amount due his client.

If a defendant in execution has by mistake overpaid the execution to the attorney of the plaintiff, the attorney is liable to the defendant and not to the plaintiff for the excess; and if the excess was paid designedly, in order to correct a mistake in the judgment, the plaintiff, in a motion to recover such excess from the attorney, must aver the facts which constitute the liability of the attorney.

In this case the judgment of the court below was re-formed by this court so as to allow the attorney to retain out of his client's money, an amount due on an account stated for fees other than his commissions for collection.

ERROR from Navarro. Tried below before the Hon. John Gregg.

This was a motion by the appellee against the appellant as an attorney-at-law, to recover an unpaid balance of $512 95, collected by the appellant for the appellee upon a note against other parties for a much larger sum.

The defendant excepted to the motion on the ground of uncertainty, and for various other reasons not noticed in the opinion.

At the Spring Term, 1858, there was verdict and judgment for the defendant, which, on motion of the plaintiff, were set aside and a new trial granted.

On the second trial, at the Fall Term, 1858, the plaintiff proved a demand upon the defendant for the unpaid balance of the collected money, and a refusal by the defendant, who insisted on the acceptance by the plaintiff of the order for $210, to which reference is made in the opinion. The other material facts are sufficiently stated in the opinion.

A jury being waived, there was judgment by the court in favor of the plaintiff for $383 24. A motion for a new trial was overruled.

*J. C. C. Winch* and *J. S. Halbert*, for plaintiff in error.

*R. Q. Mills*, for defendant in error.

MOORE, J.　Appellee's motion is to some extent subject to crit-icism for vagueness and uncertainty in its allegations as to the amount of money collected by appellant; and whether this was done altogether by the judgment, or, to some extent, by voluntary payments made to him on the note placed in his hands for collec-tion.　We think, however, it is averred with a sufficient degree of certainty, by the original and amended motion, that the note had been reduced to judgment, and that the amounts admitted to have been paid over by appellant, together with the sum of five hundred and twelve and ninety-six one-hundredth dollars, to compel payment of which the motion was made, had been collected on this judg-ment.　The other exceptions to the motion are not entitled to consideration, the principles involved in them having been long since fully settled by repeated decisions of this court.　We con-clude, therefore, that the court did not err in overruling appellant's exceptions to the motion.

The judgment rendered by the court against appellant is larger than appellee was entitled to recover, and must be re-formed.　It is evident that appellant cannot be charged in this character of proceeding for anything beyond the amount that he has actually collected; and if it were shown that he had failed, from negligence or for any other cause, to obtain a judgment for the full amount due upon the note, his liability on this account cannot be thus as-serted.　There appears, however, to be no reason to suppose that the judgment was rendered for less than the full amount due on the note, though it seems, from the effort of appellee to get behind the judgment, and charge appellant as for collections directly upon the note, (except the damages given on the affirmance of the judg-ment in the Supreme Court,) as if this was thought to be the case. Nor, if it is true that the defendant in execution has overpaid the judgment to him, can appellee hold him responsible, under the al-legations of his motion, for such overplus.　For if it was paid by mistake, the defendant in execution would be entitled to call for

repayment; and if it was designedly done, to correct a mistake in the judgment, the facts should have been averred. We think, though, it should hardly be inferred from all the testimony in the case, that anything more has been collected by appellant than the amount of the judgment. And from a calculation, it is evident that this is the amount for which he was held responsible by the court below.

It is very evident that appellant was not entitled to a credit for the draft or order forwarded by him to appellee. He was promptly notified by appellee that the order did not suit him, and it was, also, tendered back immediately. And there was not the slightest circumstance shown upon the trial to justify appellant in supposing that appellee would receive it in lieu of the money that had been collected for him. It was not even shown that the parties upon whom the order was drawn had accepted it or were even indebted to appellant. Under these circumstances, no injury could have resulted to him if it had not been tendered back. He has, himself, shown that the parties upon whom it was given were entirely insolvent; and cannot complain that his client declined to receive it as so much cash. If he did not get it back, it was, according to his own statement, by reason of his failure to pay over to his client the money he had collected for him, and in lieu of which he was endeavoring to force him to take the order. Nor was appellant placed in any better condition by the tender of the watch and chain, which he appears to have received in part payment of the judgment. There was no evidence to show that he was authorized to receive these articles in payment of the judgment; and it is shown that he had previously appropriated them to his own use; and the tender of them to appellee seems to have been an afterthought when the order was returned. We think, however, that appellant should have been allowed the fees claimed by him for substituting the papers in the original suit, and for defending the injunction suit in the District and Supreme Courts. It is true, there was no distinct proof of the performance of these services by appellant, or of their value; but the charges were presented by him to appellee's agent, who seems to have been authorized to make a settlement with him; by whom they appear to have been

25

allowed and fully acquiesced in. And from the testimony of the agent it was clear that the order was the only matter of dispute. It was to collect the amount covered by it, and not to contest the fees that appellant charged, that the papers were placed in the hands of an attorney. Under these circumstances, the charges by appellant for his fees must be regarded as an adjusted matter between the parties. And if they were not correct, the burthen of showing this was upon the appellee; and he not having done this, they should have been allowed appellant by the court. And judgment should have been given in favor of appellee for two hundred and ten dollars principal, with eight per cent. interest thereon from the filing of the appellee's motion to the rendition of the judgment, together with ten per cent. on said principal sum as damages.

The judgment will, therefore, be reversed, and re-formed in accordance with this opinion.

Reversed and re-formed.