The attorneys for the bank had a lien upon the papers in the foreclosure suit not only for the costs and charges in that suit, but for any general balance in other professional business. (Hughes v. Mayre, 3 Tr. R., 275; Howell v. Harding, 8 East, 362; 4 Wait's Prac., 246, 247, and cases cited.) This is not a rule peculiar to attorneys, but applies to an ordinary factor. He has a lien upon goods consigned to and received by him for unpaid balances before accrued. (Knapp v. Alvord, 10 Paige, 205; Brier v. Brooks, 26 Wend., 367.)
But I am not aware of any authority allowing an individual member of a firm a lien in such a case for his individual demands which accrued prior to the formation of and not connected with the firm. The counsel has failed to refer to any such authority, and it must be inferred that there is none *Page 492 
In analogy to the statute of set-off there would seem to be no right to claim such lien in favor of the individual member.
The client never put this claim into the hands of the individual member, but retained the firm only, and the firm alone have a right to a lien thereon. This also answers the claim for an equitable set-off; none of the cases cited allow it in favor of an individual member of a firm when the demand is against the firm, and I know of no principle that will allow it. It was stated on the argument that the individual claim had been transferred to the firm. But I can find no evidence of that in the papers.
It is urged that here has been an assignment of the bond and mortgage, and that the lien should not be allowed as against an assignee. These attorneys were conducting this foreclosure suit when the receiver was appointed. They then had a decree for foreclosure. They continued thereafter to act for him. He cannot deny the lien for the services prior to the receivership, and it is equally clear that a lien exists as against him for whom the services were thereafter rendered, no matter what his character.
It has been held that no lien exists in favor of an attorney for costs in a judgment, upon bill filed or a trial at law, for a set-off by a party holding another judgment, as the statute of set-off controls them. But upon motion the chancellor held otherwise. The court is without the statute, and allows the lien in a proper case. (Nicoll v. Nicoll, 16 Wend., 446.)
Upon motion, the court summarily disposes of the matter upon principles of equity well understood. The lien of the attorney continues throughout and includes all the remedies open to the party. Hence it attaches to the money received or collected upon the judgment.
It is insisted that the plaintiff has no right to this remedy because the attorney's claim to the lien is made in good faith, and in such cases they can be guilty of no contempt, and should not be subjected to the summary and severe measures incident to that proceeding. *Page 493 
The case relied upon for such a rule is In re Paschal (10 Wall., at 491). In that case the court held that the party had no right to the money collected and received by the attorney without first discharging the attorney's lien thereon, which was founded upon a number of different claims, and as neither party asked the court to settle the amount of the lien, the motion for the attachment was denied. What was said as to the claim upon the money being made in good faith was, therefore, not necessary to the decision of the motion.
The practice in this State has been uniform to allow an attachment where the attorney retains money in his hands that justly belongs to his clients. That the unlawful claim is made in good faith has never been held, in our courts, to be an answer to the proceeding. (In re Bleakley, 5 Paige, 311.) Cases occur where the court exercises this jurisdiction over attorneys as officers of the court, in whose correct conduct as officers the dignity of the court itself is involved. The statute also authorizes it, but the statute is regarded as substantially an exposition of the common law. The "misconduct" for which punishment is authorized is the retaining of a client's money without legal grounds. Withholding it in good faith is nowhere stated in our courts as a ground for exemption from this remedy. (Graham's Pr., 52, et seq., and cases there cited.) The law is not guilty of the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again.
The courts are sufficiently inclined to deal liberally with attorneys, but I trust they will never receive any such ground as a defence to this summary remedy. This remedy is no more severe than that by action. If they do not pay they are also now liable to imprisonment in an action at law, in the same manner as they were prior to the passage of the act to abolish imprisonment for debt. (Stage v. Stevens, 1 Den., 267.) *Page 494 
Neither the respectability, the responsibility or the integrity of these attorneys is questioned. There is no doubt as to either. The amount of their claims is not questioned. But the point is, simply, is the claim of the individual member a lien upon this money? I think not. Then it is clear that there is no reason for not paying over the balance. If not paid, it must be regarded as legal misconduct.
I think the order appealed from should be affirmed, without costs to either party.
All concur.
Order affirmed.