### WAGNER v. TICE et al.

**Practice: NOTICE OF MOTION.** A party once in court must take notice of a motion filed during a term of court for final judgment. No other notice than the filing is necessary.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 16.

THE facts necessary to an understanding of the question involved appear in the opinion.

*J. R. Doolittle* and *James Burt* for the appellant.

*Shiras, Vanduzee & Henderson* for the appellee.

MILLER, J.— The plaintiff filed his petition on the equity side of the district court, stating, substantially, that he was the owner of a distillery in Dubuque; that in March, 1869, he

ordered of the defendant Isaac P. Tice, two spirit metres for use in his said distillery, as required by regulations prescribed by the commissioner of internal revenue, and, thereupon, deposited with the other defendant, David B. Henderson, who was the collector of internal revenue of that district, as required by said regulations, the sum of $1,250, the price of said metres, which sum of money said Tice would become entitled to receive only upon delivering said metres and properly attaching the same; that said metres had not been delivered nor attached, yet, that the defendant Tice was demanding that Henderson, the collector, should forthwith pay over to him the money so deposited; that said Tice is a non-resident of Iowa; that plaintiff cannot attach said metres himself; nor find any person here to do so ; that the metres can only be attached by Tice or his agent ; that the injury, from the failure of Tice to attach the metres, cannot be compensated by a money judgment against him, and that, unless restrained by injunction, said Tice will procure said money in the hands of Henderson, to be forwarded to him, to the irreparable injury of the plaintiff.

On the 1st day of May, 1869, an order for a writ of injunction was made by the judge of the district court of the ninth district, and on the 8th of May the writ was issued and served on Henderson.

On the 12th of December, 1870, the defendants answered, and on a hearing before the court, a decree was entered, that the defendant, "Isaac P. Tice, shall attach or cause to be attached, under the supervision of some proper person, competent to do so, the metres in question, to the distillery of said Michael Wagner; the same to be done in a proper and workmanlike manner. That until this be done the said injunction to be continued, restraining said D. B. Henderson from delivering over said certificate of deposit to said Tice, and restraining said Tice from demanding the delivery of said certificate of deposit, until he has fully performed his contract, on his part, by putting up said metres in the distillery of the plaintiff. * * * That if the said Tice should hereafter, in

good faith, perform his contract, by fully and properly putting up said metres for plaintiff in his distillery, then, and in such case, said Henderson is authorized to deliver over to said Tice the said certificate of deposit; and it is further ordered that this cause shall stand continued."

At the February term of the court, 1871, plaintiff moved for a final decree, on the ground that the defendant Tice had failed to put up the metres as required under the former decree of the court. This motion was, at the June term, 1871, sustained and a decree rendered, making the injunction perpetual, and Henderson ordered to re-deliver the money or certificate of deposit. Of this motion Henderson had notice, but no notice thereof was served on Tice.

At the February term, 1872, the defendant Tice appeared and made the following motion:

| | |
|---|---|
| "MICHAEL WAGNER<br>*vs.*<br>D. B. HENDERSON and S. P. TICE." | "*In District Court, Dubuque County. Ch'y.* 1624." |

"And now comes defendant S. P. Tice, and moves the court to set aside the order of court heretofore made in this cause at the June term, 1871, for want of proper notice, and for leave to be heard on his part, on original motion of plaintiff."

"(Signed)        J. R. DOOLITTLE,
"For TICE. By BURT."

With this motion certain affidavits were filed, and the plaintiff also filed counter-affidavits.

The court overruled this motion after a hearing thereon, and from this ruling Tice appeals.

I. The first assigned error is in overruling appellant's motion. It is claimed that appellant was entitled to notice of plaintiff's motion for final decree, under the provisions of

chapter 135 of the Revision. Appellant's counsel treat that motion as one made for an "*order*," under section 3427. That section reads as follows: "Every direction of a court or judge made or entered in writing, and not included in a judgment, is an order." The next section provides, that "A motion is a written application for an order, addressed to a court or to a judge in vacation, by any party to a suit or proceeding, or by any one interested therein."

We cannot agree with the learned counsel that the decree of the district court, rendered at the June term, 1871, is an order within the meaning of section 3427. It is most clearly and essentially a "judgment." It was a final adjudication of the rights of the parties in the action, which the statute expressly declares to be a judgment. Rev., § 3121.

If, however, we should treat this decree as an "order," was the appellant entitled to notice of the motion therefor? The statute provides (§ 3429): "When a party is in court he shall, without service of notice, take notice of any *motion made during term on the filing of the same*, and notice thereof being entered in the notice book. The same shall be true also of a party constructively in court." * * * The defendant was in court and was not therefore entitled to notice.

II. It is also assigned as error that the decree rendered at the June term, 1871, was without proof, contrary to the evidence and to the equity of the case. The appeal taken is from the ruling of the court on appellant's motion, and not from the decree. And again, the motion asked the court to set aside the decree, for the reason that he had not been notified of the motion of plaintiff and for no other reason. We can consider only the question presented in the court below. The merits of the original controversy are not involved in the appeal and we will not consider them.

Affirmed.