JOHN J. BURNS *vs.* SAMUEL W. K. ALLEN.

When an attorney at law making collections for his client so retains the whole of the sum collected, or so retains a large part thereof as to raise a presumption of bad faith on his part, the court will by order require him to make payment to his client.

An attorney collected by suit seventy-five dollars for his client, and held the whole as payment for services in the suit, and in other litigation as to officers' fees, which grew out of the suit, the client not being interested in this other litigation. *Held*, that the court in the circumstances, would allow the attorney to retain thirty *per cent.* of the sum collected, and would order him to pay over the balance to his client.

PETITION for an order of court requiring the respondent to pay over certain moneys collected by him as the petitioner's attorney.

*May* 28, 1885. STINESS, J. In *Orr* v.· *Tanner*, 12 R. I. 94, the court recognized the liability of an attorney at law to summary process for the payment of money in his hands belonging to his client. See, also, *Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489; *In re Fincke*, 6 Daly, 111; *In re Bleakley*, 5 Paige, 311; *In re Aitkin*, 4 B. & A. 47.

Proceedings of this kind, however, cannot be entertained when the case simply presents a difference of opinion as to the fair amount to be retained for services. The court cannot thus undertake to adjust accounts between counsel and client. But when an attorney withholds the whole, or a sum so much exceeding a proper or justifiable charge as to amount to a breach of his duty and to raise a presumption of bad faith, the court which admits him to the privilege of practising at its bar should require of him the fulfilment of the obligations that attend the privilege. Such a process is not, as contended by the respondent, in contravention of his right of trial by jury. He is an officer of the court; he has taken an oath that he will demean himself, as an attorney and counselor of the court, "uprightly and according to law." When the court undertakes to enforce this plain duty of its officer, it is doing that which a jury trial cannot do. It does not undertake, primarily, to settle the rights and credits of the parties, but only to require that its officers do not make illegal exactions, nor deny to clients their indisputable rights. A jury is the tribunal to settle what is fairly due to the parties under their contract. Except .

incidentally, the court does not touch that matter in a proceeding like this, but simply acts with reference to an excess so apparent as to amount to misconduct.

As stated by the court in *Bowling Green Savings Bank* v. *Todd, supra,* " The law is not guilty of the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again."

In this case, the respondent attached property and obtained a judgment of $75 and costs for the petitioner against the American Mills Co., in the Justice Court of Warwick, in April, 1881. In November, 1881, a subsequent attaching creditor brought a bill in equity against the sheriff and deputy sheriff to review the taxation of costs, and to restrain the sheriff from paying over the costs as taxed. As these costs were incident to judgments, the judgment plaintiffs were afterwards made parties to the bill. But the only question at issue was the amount due to the officers and keepers, no question being made as to the judgment debt itself. The petitioner was in no way interested in the result; for, not having paid these costs, he would be under no obligation to pay them at all if they were decided to be illegal, and otherwise the sheriff would pay them, as he had received the money for that purpose. It was a matter in which only the officers were interested, although others were nominal parties to the bill. Numerous hearings were had, and after decision another suit was brought against the sheriff in the Circuit Court of the United States about the same matter, which is still pending ; but to this suit the petitioner and other judgment creditors are not parties. The respondent claims to hold the whole amount of the judgment for services rendered in these cases and hearings, and also in a suit which he brought against the sheriff in a Special Court of Common Pleas, without the knowledge or authority of the petitioner, and which was, under the circumstances, both unnecessary and fruitless. We do not think he is entitled to maintain such a claim. The only service rendered to the petitioner was the issuing of a writ, attaching property and obtaining a *nil dicit* judgment, followed by execution, on which, after considerable trouble it is true, the money was paid in full. The

petitioner cannot be held to pay for defending the large allowance made to the officers for costs. The respondent charges, among other things, for going to Philadelphia, pending the bill in equity, to induce the petitioner not to sell his claim to other parties. But he cannot charge for doing that. If the petitioner was willing to sell his claim, subject to the lien for costs and service, it was no part of his counsel's duty to prevent it. On the contrary, if he was to be charged with all the litigation then in prospect, it would have been greatly to his advantage to sell and get what he could out of it, before the whole was consumed in expenses; and his counsel, if asked, should have so advised him.

The whole controversy was about the officers' fees, and the defence to the litigation was solely to enable them to hold that which had been allowed to them. No doubt the respondent thought that, as plaintiff's attorney in the Justice Court suits, he was bound to defend the officers in the litigation that ensued, and that he had the right to make charges to his clients therefor, but he had not the right to think so. The fact that the cause of complaint against the officers happened to grow out of those suits did not cast upon the plaintiffs the burden of defending them. Moreover, it appears by the record in the Furbush case that, in a week after the filing of the bill, the *ex parte* injunction, which had been granted to restrain the sheriff from paying out the funds in his hands, was dissolved as to the judgment debts and all costs, except those taxed for taking inventories and for keepers' fees. From that time, it cannot be claimed that the petitioner and other judgment creditors had any interest in the suit, even though they were made parties to it for the purpose of reaching the officers, if possible. Upon motion, the sheriff could have been ordered to pay over to them all but the costs in dispute, which in no event were to go to them, and, consequently, it is not to be presumed that they would have been held liable for costs, if the complainants had prevailed. The respondent must have understood the matter in this way, for he did not, in that suit, enter an appearance for the petitioner or for any of the plaintiffs in the Justice Court suits, but only for the officers. Clearly he cannot charge the petitioner for services in matters where he did not appear for him. To withhold his money on that account is to withhold it without a legal right to do so.

Washington County. Opinion of the Court.

Under the circumstances, we think that thirty *per cent.* of the judgment debt is, certainly, as much as could be claimed for all services that the respondent had the right to charge for, and that he should pay over all that he holds above that limit.

*Order accordingly.*

*John M. Brennan,* for petitioner.
*Nicholas Van Slyck,* for respondent.