## ARMITAGE v. SULLIVAN & HOTCHKISS.

1. **Attorney and Client:** RETENTION OF MONEY COLLECTED: ACTION TO RECOVER. Where an attorney withholds from his client, as fees for his services, a greater portion of money collected than the client is willing to allow, the client may maintain an action against him for the purpose of securing a general judgment, to be enforced by an ordinary execution, for the amount of the money wrongfully withheld, without giving the bond required by statute in cases where it is sought to obtain the release of property from an attorney's lien.

*Appeal from Davis District Court.*

WEDNESDAY, OCTOBER 6.

ACTION to recover for money alleged to have been received for the plaintiff by the defendants as his attorneys. There

was a trial to the court without a jury, and judgment was rendered for the plaintiff. The defendants appeal.

*Payne & Eichelberger*, for appellants.

*W. B. Collins* and *S. S. Curruthers*, for appellee.

ADAMS, CH. J.—The defendants were employed by the plaintiff to collect, or effect a settlement in some way, of a promissory note of $2,000 against J. & N. Siddons. They succeeded in effecting a settlement by receiving for the note a secured note of a third person, and $500 in cash. They delivered to the plaintiff the secured note and $200, and offered to give him $50 more for a settlement, but he refused to accept the $50 in full settlement, and brought this action. The court virtually held that the defendant's services were reasonably worth $25; that they were entitled to retain that amount from the money in their hands; and rendered judgment against them for the balance, to-wit, $275, and, as we understand, for some accrued interest.

The defendants insist that they had an attorney's lien upon the money in question, and that judgment should have been rendered in their favor, because the plaintiff did not tender a bond, as provided by statute, where the object of a proceeding is to obtain a release of property from an attorney's lien.

Looking at the pleadings as they are set out in the abstract, and as the court below must have looked at them, we cannot say that this is a proceeding under the statute to release property from an attorney's lien. The plaintiff does not pray for a release of specific property, but for a general judgment, which we assume he expected to enforce by execution against any property which he could find to levy upon. The parties proceeded to trial upon the theory that the plaintiff was entitled to a general judgment, if anything, and the question litigated was as to the character and value of the defendant's services, and as to what balance, if any, was due the plaintiff,

for which judgment should be rendered in his favor. The court below evidently understood this to be the attitude of the case, for it proceeded to render simply a general judgment, and did not order any specific property to be turned over.

There is, then, no question of the release of a lien involved. The specific $300 collected by the defendants they still hold, and which, so far as the judgment is concerned, they may continue to hold. What they are asked to do is to pay a certain amount as damages for refusing to properly account to the plaintiff as their client. We see no error in the rendition of the judgment.

It is claimed by the counsel for the plaintiff that the defendants deported themselves in an unprofessional way by endeavoring to conceal from their client the real amount collected. If the determination of the case depended upon the defendant's conduct in this respect, we might feel called upon to say considerable about it; but, in the view we have taken, it is unneccessary, and we are glad to be relieved from it.

AFFIRMED.