*John Townshend*, for appellant.

*A. B. Carrington*, for respondent.

---

In the Matter of the Application of GEORGE ACKERMAN, as General Guardian, etc., Respondent, *v.* AUGUST P. WAGENER, Appellant.

*Supreme Court, First Department, General Term, January 24, 1890.*

1. *Attorney and client. Proceeding.*—A demand for more than the correct amount is sufficient to sustain proceedings to compel an attorney to pay moneys withheld, where he refuses to pay any amount.
2. *Same.*—The attorney's good faith in the claim made for the retention of the money in dispute is no answer to the proceeding.
3. *Same.*—A dispute as to the lien or right to retain the money is no answer.

Appeal from an order directing the attorney, within five days after the service of a copy of it, to pay over to the applicant or his attorney the sum of seventy-one dollars upon receiving from him any receipt which might have been given to him for a larger sum by the attorney.

*August P. Wagener*, appellant in person.

*George C. Coffin*, for respondent.

DANIELS, J.—The applicant, George Ackerman, was the general guardian of two infant children, one of whom was believed to have died before the application was made. He received in their behalf the sum of $884.48 in January, 1873. He afterwards secured the interest upon the amount, and proceeded to settle his account before the surrogate, and by his check placed the money he held as guardian in the hands of the attorney. His accounts were brief and simple, and were readily settled, but the amount of money was not paid over because of a dispute arising between the guardian and the attorney as to what the latter should receive for his services.

The costs of the proceeding are stated to have amounted to sixty-nine dollars, and the attorney insisted upon receiving, in addition to that amount, the sum of seventy-one dollars, which were the guardian's commissions for his services during his guardianship, extending over a period of eighteen years. A proceeding was taken before the surrogate against the guardian and the attorney for the payment of these moneys, and in that proceeding the attorney returned all the money received by him with the exception of the sum of $140, and that sum he claimed to be entitled to retain for his services in the proceeding. His right to retain this money was denied by the guardian, who assented to the payment only of the sum of sixty-nine dollars, being the amount allowed for costs to the attorney.

A demand is shown to have been made by and on behalf of the guardian for the money, which the attorney refused to comply with, and this proceeding was taken to oblige him to pay over, especially, the disputed sum of $71. In support of it the guardian has sworn positively to the terms of the settlement that was agreed upon, by which the attorney was to receive the sum of $69, being the costs for his services, and this statement is supported by the additional affidavit of George C. Coffin, who acted for the guardian, and he has also sworn that he made a demand in the presence of the guardian

for the disputed money, and that the attorney refused to pay it over.    And these demands were complete and effectual as a justification of the proceeding, even though they included also the sum of $69.    For the attorney wholly refused to pay any part of the money remaining in his hands.

The attorney himself, in his affidavit, has denied the making of the settlement as it is claimed to have been made on behalf of the guardian, and has sworn that it was agreed that he should not only receive the costs, amounting to the sum of $69, but, in addition, the guardian's commissions of $71. And upon the issue arising out of this statement, the court, at the special term, made the order from which the appeal has been taken.

How this disagreement or misunderstanding may have arisen between the guardian and the attorney has not been disclosed by the affidavits read on the hearing of the motion, but it is reasonably clear that they should be construed as establishing the facts assumed by the court in making the order.    For it is by no means probable that the guardian, after his long term of service in retaining and caring for this fund, would have been willing to surrender the small amount he was entitled to for commissions to the attorney.

· Neither is it reasonable to suppose or believe for the simple service by the attorney, that he was entitled to receive, or demand, from the guardian a greater sum than the costs of the proceeding.    The probabilities of the case, notwithstanding the positive denial and statements of the attorney, are in favor of the guardian, and the facts accordingly should be considered to have been established that he has received and has retained this sum of money without any right to it as against the applicant in this proceeding.·    The guardian had already retained from the money his commissions, and what had been required to be paid over was designed to go to the ward of the guardian, who appears to have been entitled to the moneys of the estate.

In this manner a case has been presented upon which the

guardian was invested with the right to proceed summarily against the attorney for the recovery of these moneys. So much certainly has been provided for by subdivision 1 of § 14 of the Code of Civ. Pro. For that has empowered a court of record to punish a neglect of duty, or other misconduct, on the part of an attorney in the performance of any ministerial service, or for a misbehavior in his office or trust, or for the wilful neglect or violation of a duty therein. And in Bowling Green Savings Bank *v.* Todd, 52 N. Y. 489, it was held that good faith in the claim made by the attorney for the retention of the money in dispute would be no answer to this proceeding to oblige him to pay it over.

Neither is it an answer within this authority that a dispute may exist between himself and the applicant, concerning the fact of his lien or right to retain the money to satisfy a demand claimed to be due to him for the performance of his services. These, on the contrary, are facts which may be well tried in the proceedings itself, and if they are found upon the proof against the attorney, he may then be obliged by an order of this description to pay over the money to the applicant.

This subject was still further considered in Matter of Knapp, 85 N. Y. 285, and the authority of the preceding case was again sanctioned and maintained. And the law as it has been stated in the opinion delivered in the last case, fully sustained the power of the court over the subject by a summary proceeding against the attorney, and its jurisdiction to settle all disputes arising as to the right to the money in controversy. These cases comprehend the entire ground of the proceeding, and sustain the disposition which was made of the controversy by the special term.

For this purpose it is not necessary definitely to determine upon which party the obligation rested to prove, or disprove, the agreement asserted on behalf of the attorney. It is sufficient for the disposition of the case that the facts as they have been asserted in support of the proceeding have been reasonably well maintained.

The attorney delivered to the guardian a receipt for the money remaining in his hands, and his objection to the payment to the guardian on account of this fact has been fully avoided, by the clause in the order requiring him to return this receipt to the attorney. The proceeding appears to have been well supported, and the order should be affirmed, with ten dollars costs and also the disbursements.

VAN BRUNT, P. J., and BRADY, J., concur.