## POLLY PIERCE v. MERRITT W. UNDERWOOD.

*Trover—Estoppel—Set-off—Attorney and client—Lien upon moneys.*

1. A husband secreted in his house a sum of money, a portion of which was taken by his wife, and deposited in a bank in her own name. The wife afterwards returned to her husband a portion of the deposit, and, pending divorce proceedings, let her solicitor have $170, which she drew from the bank in which she had made the deposit. The solicitor gave her a receipt for the money, to be returned on demand. In an action of trover brought by the wife against the solicitor to recover the $170, she testified that her husband consented to her retention of the remainder of the deposit not returned to

him, and he denied giving such consent. The solicitor was conversant with all of the facts when he received the $170. And it is held that he cannot be heard to say that the $170 was not plaintiff's money.

2. The defendant is entitled to set off his claim for services in the divorce suit, or show the extent of such claim in reduction of plaintiff's damages, and thereby avoid circuity of action.

Error to Newaygo. (Palmer, J.) Argued October 12, 1894. Decided December 18, 1894.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*A. F. Tibbitts,* for appellant.

*E. L. Gray,* for plaintiff.

McGRATH, C. J. Defendant, an attorney, was in February, 1890, employed by plaintiff in certain litigation then pending between herself and her husband, relating to a divorce, and also respecting a conveyance of land which was alleged to have been made in fraud of her rights. In June, 1890, he received from her $170, for which he gave her a receipt, as follows:

"This is to show that on the 9th day of June, 1890, I received from Polly Pierce $170, to be returned to her on demand.

"M. W. UNDERWOOD."

In December, 1891, plaintiff brought trover for the aforesaid moneys, claiming a conversion of the fund. Defendant pleaded the general issue, and gave notice of set-off, and, upon the trial, claimed the right to show title in the husband.

It seems that in September, 1888, plaintiff's husband had secreted in the house in which the husband and wife lived some $1,200 or $1,400, to which plaintiff had access, and from which she had from time to time taken small

sums, as needed. In September, aforesaid, she took from such place of deposit $1,000, and made a general deposit of the same in a bank in her own name. She and her husband had considerable controversy over the matter, but finally, according to plaintiff's testimony, she turned over to her husband $600 of the amount, and her husband agreed that she could retain the balance. The husband admits the payment back of the $600, but denies that he agreed that she could keep the balance; and the defendant testified that the husband had stated to him that he (the husband) claimed that the money in defendant's hands belonged to the husband. It is not claimed that the money placed in defendant's keeping was a part of the identical money taken from the husband by plaintiff, but it is conceded that the money received by defendant was drawn from the bank in which plaintiff had made the deposit At the time that defendant received the money, he knew all the facts respecting it, and that she claimed the right and title to it by virtue of her husband's consent. He induced her to part with the possession of it, promising to return it to her, and he cannot now be heard to say that it was not her money.

The only other question is whether defendant can be allowed to set off his claim for services, or show the extent of such claim in reduction of plaintiff's damages. We think he can. The money in question came into his hands in the course of his employment. That employment continued for one year, during which time she made no demand for the money. It was not until after the litigation had been disposed of that she applied for the money. In the meantime he had expended, in the course of the litigation, various sums in her behalf, and had performed professional services for her without demand for further payments. It is well settled that an attorney has a lien upon the money of his client, in his possession, to secure

payment for his professional services, not only in the suit to which it pertains, but in other suits. *Robinson v. Hawes*, 56 Mich. 135. That was an action of trover, and it was there held that the recovery was subject to the lien. In *Rall v. Cook*, 77 Mich. 681, it was held that a mortgagee who obtained a bill of sale of the mortgaged property by fraud might, in an action of trover brought by the mortgagor, show the extent of his mortgage lien in reduction of damages; citing *Brink v. Freoff*, 40 Mich. 610, 44 Id. 69; *Daggett v. McClintock*, 56 Id. 51.

The action of trover has been termed an "equitable action." As is said in *Rall v. Cook*, the damages awarded in such action should only be such as the party is entitled to under the circumstances of the case. If plaintiff is allowed to recover the full amount claimed, defendant may immediately sue her, and recover as damages the amount of his fees and expenditures. There is no valid reason why the whole matter may not be disposed of in the first suit, and circuity of action be thereby avoided.

The judgment is reversed, and a new trial granted.

The other Justices concurred.