UNION BUILDING AND SAVING ASSOCIATION, WILLIAM M. WILCOXEN, Receiver v. JOHN SODERQUIST, *et al.,* JOHN A. REED, Appellant.

115    695
123    723

Attorney and Client: SUMMARY PROCEEDINGS FOR MONEY WITHHELD. Under Code, sections 3826-3830, providing the judgments may be obtained on motion brought on for hearing by notice and without pleadings by clients against attorneys for the recovery of money collected by them, the court may, on motion, require an attorney to pay over to his client money collected, though the attorney did not act in bad faith in withholding the money.

LIEN ADJUSTABLE IN. Where an attorney withholds money collected for his client, claiming the right to do so because of fees due him for services in that and other proceedings for his client, the court, on a motion to require the attorney to pay over such money, may adjust any set-off the attorney may have, and for which he may have a lien on such money.

*Finding of court is verdict.* Where, on a motion to compel an attorney to pay over money collected, the court heard the attorney's claim of set-off, and allowed a portion thereof, the finding as to the amount he is entitled to has the same weight as a verdict.

Security by client not required. Under Code, section 331, providing that when an attorney claims a lien on money collected for his client he is not liable to penalties for withholding such money until the client proffers security for payment of the amount of the attorney's claim when it is legally ascertained, such security is not required before proceeding by motion to compel the attorney to pay over such money.

Venue. Where an attorney collected a judgment for his client, a motion to compel him to pay over the money is properly heard in the county in which the judgment was recovered.

Form of evidence. Where a motion is made for a judgment requiring an attorney to pay over money collected for his client, the evidence on the hearing must be such as is admissible in civil actions; hence *ex parte* affidavits are inadmissible.

*Same.* Where the court, pending a trial, refused a motion to strike certain affidavits from the files, it was not thereby precluded from afterwards refusing to receive such affidavits in evidence when offered.

*Evidence—Harmless error.* Where, on a motion to compel an attorney to pay over money collected for his client, a corporation, evidence is improperly admitted that a receiver of such corporation was appointed, and that the attorney failed to prove his claim of set-off before such receiver, the judgment should not be reversed where it appears that the court disregarded such evidence and allowed a portion of such claim.

Claim need not be presented to receiver of client. Where an attorney has a lien on money collected for his client, a corporation, for services rendered in that and other proceedings, his right to set off such claim on a motion to compel him to pay over such money is not lost by his failure to present his claim to a receiver of such corporation.

*Appeal from Boone District Court.*—Hon. J. R. Whitaker, Judge.

Saturday, October 5, 1901.

Plintiff, in 1894, recovered judgment in the district court of Boone county in a foreclosure proceeding against

Soderquist, in which Reed was attorney for plaintiff. In 1899 plaintiff, by its receiver, filed a motion in said cause, asking judgment against said Reed for $563.58, the amount of the judgment against Soderquist, · claiming that said amount had been paid to and received by said Reed as attorney for the association, and that he had neglected and refused to pay said sum over to the plaintiff, although it had been demanded of him. Reed claimed, in response to this application, that the association was indebted to him for fees and charges as attorney to an amount exceeding the amount of money received. On trial to the court plaintiff's motion was sustained, and judgment rendered against Reed for $369.48, from which Reed appeals,—*Affirmed.*

*Dyer & Stevens* and *Reed & Reed* for appellant.

*Jordan & Goodykoontz* and *Bowen & Brockett* for appellee.

McCLAIN, J.—At common law the courts entertain summary proceedings by a client against his attorney to compel payment of money received by the attorney for his client. Such proceedings are based on the principle that the court has power "over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice." *Schell v. City of New York,* 128 N. Y. 67, (27 N. E. Rep. 957); *In re Paschal,* 10 Wall 483, (19 L. Ed. 992). "The ground of the jurisdiction thus exercised is the alleged misconduct of the officer. If an attorney have collected money for his client, it is prima facie his duty, after having deducted his own costs and disbursements, to pay it over to such client; and his refusal to do this without some good excuse is gross misconduct and dishonesty on his part, calculated to bring discredit on the court and on the administration of justice. It is this misconduct on which the court seizes as a ground for jurisdic-

tion to compel him to pay the money in conformity with his professional duty." *In re Paschal, supra.* The statutory provisions to the same effect (Code, sections 3826-3830) are assumed to be declaratory of the common low. *In re H——* 87 N. Y. 521. Some courts have expressed the view that, if no dishonesty on the part of the attorney appears, the summary proceeding should be dismissed, and the client left to his action at law. *In re Paschal, supra; In re Rule on Kennedy,* 120 Pa. St. 497, (14 Atl. Rep. 397, 6 Am. St. Rep. 724); *Balsbaugh v. Frazer,* 19 Pa. 95; *Strong v. Mundy,* 52 N. J. Eq. 833, (31 Atl. Rep. 611). But the statute does not limit the remedy to cases of bad faith, and evidently contemplates such a proceeding whenever the claim by the client against the attorney is for money received in his professional capacity. *Bank v. Todd,* 52 N. Y. 489. The fact that there is a controversy as to whether the relation of client and attorney existed when the money was received does not deprive the court of jurisdiction in the summary proceeding. *State v. Morgan,* 80 Iowa, 413. There is nothing unreasonable or unjust in compelling the attorney, as an officer of the court, to answer summarily as to money collected for his client. "The law is not guilty of the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney shall not pay, then try the same track again." *Bank v. Todd, supra; Burns v. Allen,* 15 R. I. 32, (23 Atl. Rep. 35, 2 Am. St. Rep. 844). The fact that the client has a legal remedy for the recovery of the money does not affect the right of the court to see that its own officer does not act contrary to his duty. *In re Grey* [1892] 2 Q. B. 440. In the summary proceeding the court has the power to adjust any set-off which the attorney may have on account of fees or other charges due to him in connection with the proceeding in which he received the money in question, or as the result of any other services for which he has a lien on money of his client com-

ing into his hands. *Burns v. Allen,* 15 R. I. 32, (23 Atl. Rep. 35, 2 Am. St. Rep. 844); *In re Knapp,* 85 N. Y. 286; *Croft v. Hicks,* 26 Tex. 383; *Dunn v. Vannerson,* 7 How. (Miss.) 579; *Lombard v. Whiting,* 1 Walk. (Miss.) 229; *Butchers' Union Slaughter-House Co. v. Crescent City Slaughter-House Co.,* 41 La. Ann. 355 (6 South. Rep. 508); *Jones v. Miller,* 31 Tenn. 151. And see, as to general right of attorney to set off fees in action for money received, *Pierce v. Underwood,* 103 Mich. 62, (61 N. W. Rep. 344); *Patrick v. Hazen,* 10 Vt. 183; *Foster v. Jackson,* 8 Baxt. 433. Counsel assume that appellant was not given the full benefit of his claims for fees and expenses; but the lower court went into the whole matter, and allowed some amount, as is evident from the fact that judgment was for less than the amount of money that Reed received. The finding of the court as to the amount is entitled to the same presumption that prevails as to the verdict of a jury. The case is triable here on errors assigned, and not *de novo.* We find no insufficiency of evidence such as would justify us in interfering with the finding of the court.

A summary proceeding is not affected in any way by statutory provisions for the release of the attorney's lien. An attorney cannot be subjected to criminal proceedings for refusing to pay over money on which he claims a lien until the person demanding the money proffers security for the payment of the amount of the attorney's claim when it is legally ascertained (Code, section 331); but there is no suggestion that security is required before proceeding summarily for the money. *Cross v. Ackley,* 40 Iowa, 493. And see *Armitage v. Sullivan,* 69 Iowa, 426.

Appellant complains of the refusal of the lower court to grant a change of venue to Linn county, the county of Reed's residence; but we think that the court did not err in refusing such change. The summary proceeding is properly in the county having jurisdiction of the action in connection with which the attorney was act-

ing when he received the money. *Ex parte Ketchum,* 4 Hill, 564; *Thomas v. Roberts,* 5 Dana, 189. The judgment originally was obtained by Reed as attorney in Boone county district court, and the amount was paid to him because he was the attorney of record in the case. The statutory provisions as to change of place of trial relate to civil actions. Code, section 3505. This special proceeding is not a civil action. Code, section 3425. No doubt there may be cases where a special proceeding of this character can be instituted for breach of duty by the attorney not connected with any proceeding in court, and in that event it should be instituted no doubt in the county of his residence. But this proceeding was properly instituted in the Boone county court, and there is no provision for change of venue.

Error is assigned on the refusal of the court to receive in evidence certain affidavits offered by appellant in resistance to plaintiff's motion asking relief by this summary proceeding. Appellant's contention is that testimony to sustain or resist a motion may be in the form of affidavits. Code, section 3833. Where the proceeding is one in which a judgment is sought, and involving a final determination of issues, the evidence must be such as is admissible in civil actions. *Wagner v. Tice,* 36 Iowa, 599. Although this form of special proceeding may be instituted by motion, the result sought is an adjudication. *Hawk v. Evans,* 76 Iowa, 593. This case, like that of *Democrat Pub. Co. v. Lewis,* 90 Iowa, 304, presents "an issue of fact pending for trial in a judicial proceeding," and the holding in that case that affidavits were not receivable is applicable here. The fact that the court at a prior stage of the case refused, on motion of plaintiff, to strike these affidavits from the files, would not preclude it from making a proper ruling on the question when they were offered in evidence.

Error was also assigned on rulings of the court in the introduction of testimony, whereby plaintiff, over objection,

was permitted to show that the claim of appellant for compensation had not been presented in the proceedings under which a receiver was appointed for plaintiff in the Polk county district court, and that by adjucation in that court all claims not filed within the time fixed for filing claims had become barred. We agree with appellant that he might set off his claim for fees and expenses in this summary proceeding to recover money received by him as attorney, and on which he had a general lien, although his claim had not been filed and allowed in the receivership proceedings in Polk county. But, notwithstanding the refusal of the court to exclude this evidence, it did hear evidence as to appellant's claims, and did allow them to some extent; for on no other theory could judgment have been rendered against appellant for less than the amount of the money received. It is plain, therefore, that the trial court gave appellant credit for so much of his account against plaintiff as it found him entitled to, and its ruling in the admission of this evidence was error without prejudice. —AFFIRMED.