## COZADD *v*. HEALY.

1. Money Received—Judgment—Escrow—Interest—Evidence.

Trial judge in nonjury action of trespass on the case, for recovery of sums placed with defendant in escrow, who observed the witnesses and appraised the value of their testimony *held*, not in error in rendering judgment for plaintiff for amount of sum left in escrow and interest thereon from date of demand.

2. Action on the Case—Conversion of Escrowed Funds—Form of Action.

Action of trespass on the case was proper form of action to recover sum left with defendant for purpose of settling a tax case with the Federal government but which never came into his possession as his money, his retention thereof constituting an unlawful conversion.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 9, 1953. (Docket No. 59, Calendar No. 45,954.) Decided November 27, 1953.

Case by Charles B. Cozadd, administrator *de bonis non* of the estate of Seweryn Kutnieski, deceased, against Robert K. Healy, for conversion of money in escrow. Judgment for plaintiff. Defendant appeals. Affirmed.

*Cozadd, Shangle, Schmidt & Weideman,* for plaintiff.

*C. Leo Wing,* for defendant.

Sharpe, J. This is an action to recover moneys placed in escrow. It is the claim of plaintiffs that

References for Points in Headnotes
[2] Generally, see 52 Am Jur, Trespass on the Case '§ 9 *et seq.*

on June 28, 1948, Seweryn Kutnieski and John Kutnieski turned over to defendant, Robert· K. Healy, the sum of $3,000 and in return received a receipt which reads as follows:

"This money to· be held in escrow until satisfactory settlement of tax case."

It appears that some time prior to May 21, 1948, Seweryn Kutnieski and John Kutnieski conferred with defendant, Robert K. Healy, in relation to certain income tax matters in which they were involved with the United States internal revenue department, and that on or about May 21, 1948, employed defendant to make an adjustment or settlement of the claim. Defendant was paid $1,300 for services rendered or to be rendered prior to and after the item involving the $3,000.

It is the claim of plaintiffs that the money was turned over to defendant for the purpose of making a partial payment to the United States internal revenue department as soon as a satisfactory agreement on the liability of plaintiffs could be arrived at with the internal revenue department. It is the claim of defendant that the money deposited with him in escrow was to be retained by him as his fee when and if a satisfactory settlement of the tax matter was effected; that a settlement was effected, and that he is the lawful owner of the money so deposited. In support of his right to retain the money for services rendered, defendant offered evidence to the effect that because plaintiffs' books and records were in such a poor condition, it was necessary to investigate plaintiffs' financial affairs as far back as 1925 to determine the correctness of the determination of the internal revenue department; that it was necessary to investigate the sales tax feature of the case, and that in doing so he spent much time and investigation in order to build up

plaintiffs' books and records to reflect the true condition of plaintiffs' financial affairs, and that for these services he received the sum of $1,300; that after partially completing this work, he determined that he should have his fees for the Federal phase of the case pertaining to the work that would be necessary in negotiating a settlement with the internal revenue department; that the case was finally settled in January, 1950, although defendant had previously brought about several offers of settlement which were not accepted by the plaintiffs.

Plaintiffs urge that defendant offered no evidence of the work performed such as expenditures, correspondence, memoranda of daily time sheets, or witnesses from the Michigan sales tax department or internal revenue department to corroborate any effort which he claims he performed on behalf of plaintiffs. The cause came on for trial, and at its conclusion the trial court entered judgment for plaintiffs in the amount of $3,497.08, which represented the $3,000 and interest from the date of demand for its return by plaintiffs.

The trial court did not file a written opinion; hence, we do not have the benefit of his reasoning in the matter, but we must conclude that he accepted plaintiffs' theory of the case, namely, that the $3,000 was placed in the possession of the defendant for the purpose of making a payment on the amount found to be owing to the internal revenue department.

Defendant appeals and urges that the judgment is against the clear preponderance of the evidence and should be reversed. The principal issue in this case is a factual one in which the credibility of witnesses is vital to the success or failure of plaintiffs' case. We have often said that the trial judge has greater opportunity to observe the witnesses and appraise the value of their testimony than does

an appellate court. In the case at bar the trial judge has had many years of experience in observing witnesses and evaluating their testimony. We cannot say that he was in error in his conclusions in the case at bar. The evidence does not clearly preponderate in the opposite direction, and we affirm the finding of facts by the trial judge.

Defendant also urges that the facts in this case do not support a judgment in trespass on the case. The theory on which plaintiffs founded their case was that the money was placed in defendant's possession for the purpose of paying whatever might be found due the internal revenue department, but was converted by defendant to his own use. In the case at bar the $3,000 never came into defendant's possession as his money. He never had any right to any part of it except for a certain purpose. His retention of the fund was an unlawful conversion.

See *Pierce* v. *Underwood,* 103 Mich 62; *Hogue* v. *Wells,* 180 Mich 19; *Moore* v. *Andrews,* 203 Mich 219.

The judgment is affirmed, with costs.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.