## CROSS v. ACKLEY.

1. **Attorney**: LIEN OF. A., an attorney at law, claimed a lien upon a judgment which he had recovered for his client, C., and subsequently the latter filed a bond in conformity to section 216 of the Code, to discharge the lien: *Held*, that the lien was not kept in force by the filing of a bond by the attorney in compliance with sections 225 and 226 of the Code.

2. ———: JURISDICTION. The District Court has jurisdiction to require an attorney to pay over to his client money in his hands collected upon a judgment recovered in that court.

*Appeal from Scott District Court.*

WEDNESDAY, JUNE 9.

THIS is a proceeding by motion to require defendant, who is an attorney at law, to pay over certain moneys collected by him as the attorney of plaintiff, in an action wherein plaintiff recovered a judgment in the District Court of Scott county against Garrett & Webb. The motion asks for an order requiring defendant to pay the money, and in default thereof that proceedings be instituted under the direction of the court for the suspension or revocation of defendant's license to practice law. The court, upon a hearing on affidavits, ordered the payment of the money by defendant, and subsequently plaintiff gave notice that, in default of compliance therewith, a motion would be made for the revocation or suspension of defendant's license. Defendant appeals. Other facts of the case appear in the opinion.

*John Ackley, pro se.*

*Bills & Block,* for appellee.

BECK, J.—An opinion was filed in this cause at the June Term, 1874, reversing the judgment of the District Court. A petition for a rehearing was in due time filed, and thereupon the cause has been submitted upon a re-argument.

Upon the re-investigation of the questions involved in the case, we have been unanimously brought to a conclusion different from that announced in our former opinion, which, at the time, was concurred in by all the members of the court. In making this announcement, we repeat and adopt a sentiment of Lord HARDWICKE, expressed upon a very similar occasion, when the great Lord Chancellor stated, upon the rehearing of a cause, the grounds upon which the judgment he had before rendered was overruled. He declared: " These are the reasons which induce me to alter my opinion, and I am not ashamed of doing it; for I always thought it a

much greater reproach to a judge to continue in his error than to retract it." *Galton v. Hancock*, 2 Atk., 424 (439).

We express, too, our satisfaction that the error of our former opinion has been discovered before mischief has been done to the parties in this case, or to the law, by engrafting thereon an unsound rule. Our only regret is that we are not able to detect and correct in the same way all the errors we commit, for no one can be more sensible of the imperfections of our work than we ourselves are.

A firm, of which the defendant was a partner, as attorneys for plaintiff, recovered a judgment against Garrett & Webb.

1. ATTORNEY: lien of. After a payment was made, which was received by defendant's law partner, defendant entered an attorney's lien in his own favor for $400, upon the judgment; and subsequently received of Garret $883.28, in full satisfaction thereof, for which he executed a receipt in the name of the firm. This was August 29, 1873. On the 7th of October following, plaintiff filed a motion in the cause asking the court to set aside the satisfaction of the judgment made by defendant and that execution issue thereon. The plaintiff also filed a bond, approved by the clerk of the court, to secure defendant in the amount of his lien for attorney fees, if any thing should be finally proved due him.

The motion was supported by affidavits, which need not be recited here, but their object was to establish that nothing was due defendant for attorney fees in the case. Notice of the filing of the bond and of the motion was served upon defendant, and by another notice, he was required by plaintiff to pay into court the whole amount collected by him, and was informed that, in default thereof, proceedings would be instituted under Code, §§ 218, 219, to revoke or suspend his license as an attorney. On the 11th day of October, defendant paid to the clerk of the court $483.28 of the money he received in satisfaction of the judgment, and on the same day tendered a bond to that officer, under Code, § 226, conditioned for the payment to the plaintiff of the sum retained, when he should be found entitled to it. On the 13th day of October, the court being then in session, the

motion of plaintiff was filed, asking that defendant be required to pay into court the $400 retained by him, and, in case he refuses so to do, that proceedings be instituted to revoke his license. Affidavits were filed by the respective parties in support of and resistance to these motions, tending to establish or deny the right of defendant to retain the $400 as his attorney fees in the case. Upon a final hearing of the case, the defendant was ordered to pay into court the sum retained by him, $400, with interest from the date of the filing of the bond above mentioned by plaintiff. Subsequently a notice was served on defendant to the effect that, unless he obeyed the orders of the court at or before a day named, plaintiff would apply to the court to revoke his license. No proceedings were had upon this notice, and the court made no order based upon the failure of defendant to pay the money in. obedience to the judgment to that effect.

Certain provisions of the statutes are now to be considered. Those of the Code are in the following language:

"Sec. 215. An attorney has a lien for a general balance of compensation upon:

"1. * * * * * * * * *

"2. Money in his hands belonging to his client.

"3. Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and in general terms, for what services."

"4. After judgment in any court of record, such notice may be given and the lien made effective against the judgment debtor, by entering the same in the judgment docket opposite the entry of the judgment."

These sections are substantially the same as Sec. 2, Chap. 167, Acts Thirteenth General Assembly, in force at the time defendant's lien was taken, which is involved in this proceeding.

Revision, Sec. 2709, is in these words: "Any person inter-

ested in such matter may release such lien, by giving security in a penalty double the amount claimed by the attorney, and conditioned to pay the amount that may be finally found due for his services."

Additions are made to this provision by section 216 of the Code, restricting the rights of the attorney; they need not be considered, for the reason that this case may be determined without applying them to the facts before us. The question of their applicability to defendant's lien, we do not decide.

The following sections of the Code were copied without change, from the Revision, §§ 2717, 2718, 2719:

" 224. An attorney who receives money or property of his client in the course of his professional business, and refuses to pay or deliver it in a reasonable time after demand, is guilty of a misdemeanor."

" 225. When the attorney claims to be entitled to a lien upon the money or property, he is not liable to the penalties of the preceding section, until the person demanding the money proffers sufficient security for the payment of the amount of the attorney's claim when it is legally ascertained."

" 226. Nor is he in any case liable as aforesaid, provided he gives sufficient security that he will pay over the whole or any portion thereof, to the claimant, when he is entitled thereto."

The lien of defendant upon the money in his hands was released by the bond of plaintiff, filed Oct. 7. This is expressly prescribed by the provision above quoted, viz: Rev., § 2709, Code, § 226. Defendant insists that his lien was upon the judgment, and as the money had come into his hands, the bond did not affect his lien thereon; that the lien upon the judgment was discharged by payment thereof, and the defendant then acquired a lien upon the money in his hands. Let this be admitted; but the bond, by the express terms of the section quoted, is intended to release the lien of the attorney upon whatever it may operate. By the preceding section he is given a lien upon money in his hands. This lien, it is declared, shall be released by the bond given as required by the section under consideration.

Plaintiff's lien being discharged in this manner, he had no right to hold the money—that right ceased upon the termination of the lien.

Code, § 2906, Rev., § 3422, provides: "Judgments or final orders may be obtained on motion * * * * * * * '* by clients against attorneys * * * * * * * * for the receiving of money or property collected for them and damages * * * * * * ." The statute confers upon the court jurisdiction to order an attorney to pay money to a client collected for him in the course of professional employment. Of this there can be no question.

But, it is insisted that the bond filed by the attorney after the client had given the security for the discharge of the lien, operated to confer upon defendant the right to retain the money which he held under his lien for fees. Code, §§ 225, 226, Rev., §§ 2718, 2719, are relied upon to support this position. They evidently have no such effect. By their express language they are designed to exempt the attorney from proceedings against him for a misdemeanor created by the preceding section, viz: Code, § 224, Rev., § 2717.

The defendant's act, in giving the bond, could be pleaded in bar to indictment for the offense created by this section. But its effect reaches no farther.

As we have seen, the court had authority to order defendant to pay the money in his hands to his client. No question is before us arising out of his disobedience to that order, for no proceedings were had thereon further than the notices, motion, etc., filed in the case, upon which the court made no order. We are not required to pursue the subject further. But we may remark that Code, § 218, plainly provides a punishment or penalty for willful disobedience by an attorney of an order of court lawfully made.

2. ———: jurisdiction.

The judgment of the District Court is

AFFIRMED.