AT

## COUNCIL BLUFFS, MARCH TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎬ JUDGES.
" JOSEPH R. REED,
" JAMES H. ROTHROCK,

---

## STEWART, ADM'R, v. PHENICE ET AL.

1. **Estates of Decedents:** ADMINISTRATOR'S BOND: WHO MAY SUE ON. Although an administrator's bond, given in 1868, ran to the county judge and his successors in office, it was intended for the security of all persons who might be interested in the administration of the estate, and under Code, § 2552, (Rev., § 2787,) any such person might maintain an action thereon. In this case, *held* that, after the removal of the administratrix who gave the bond, her successor might sue thereon for assets of the estate remaining in her hands.

2. ———: POWERS OF SUBSTITUTED ADMINISTRATOR. Under sections 2348, 2349 of the Code, a substituted administrator succeeds to the duties and obligations as well as to the powers of the first administrator. *Shawhan v. Loffer*, 24 Iowa, 217, followed.

3. ————: REMOVAL OF ADMINISTRATOR: RIGHT OF SUCCESSOR TO SUE ON
BOND: RULE STATED. When an administrator is removed, and he
retains in his hands funds of the estate which he fails to pay to his suc-
cessor, and the debts of the estate, if any, have all been liquidated, then
it would *seem* that the creditors and heirs or legatees are the only per-
sons interested in the funds retained by the first administrator, and that
they alone, and not the second administrator, can maintain an action
therefor on the bond of the first administrator. But where, as in this case,
the first administratrix failed to give notice of her appointment, and she
was afterwards removed, retaining funds in her hands, it could not be
said whether there were or were not debts owing by the estate, since cred-
itors, if any, had had no notice to file their claims, and it being, in such
case, the duty of her successor to give such notice, and to pay the debts,
if any, it was his right to have for that purpose the money retained by
his predecessor, and he was entitled to recover the same in an action
against her and the sureties on her bond. *Kelley v. Mann*, 56 Iowa,
625, distinguished.

*Appeal from Dubuque Circuit Court.*

TUESDAY, MARCH 17.

ACTION on an administrator's bond. A demurrer was sus-
tained to the petition, and judgment was rendered thereon
for defendants. Plaintiff appeals.

*Robinson, Powers & Lacy* and *S. M. Pollock*, for appel-
lant.

*Fouke & Lyon*, for appellees.

REED, J.——It is alleged in the petition, as amended, that in
the year 1868 Peter Strain died intestate, leaving a widow and
three minor children surviving him, and that his widow,
Charlotte Strain, (now Charlotte Phenice,) was, on the fif-
teenth of April, 1868, appointed admistratrix of his estate;
that she gave a bond, with the other defendants as sureties
thereon, conditioned for the faithful performance by her of
the duties which should be imposed upon her by law as such
administratrix; that there came into her hands as assets of
said estate personal property of the value of $7,110.59, and
that she returned an inventory thereof as required by law,

and the same was appraised, and that she disposed of said property and received therefor the appraised value thereof; that she failed to perform the conditions of her bond, in this; that she did not publish notice of her appointment as such administratrix, as required by law, and that she did not file any report of her doings as such adminstratrix until June 5, 1883, more than fifteen years after her appointment; that she then filed a report, in which she showed that there had then come into her hands of the assets of said estate the sum of $7,546.74 in excess of all debts of the estate paid by her, and the costs and expenses of administration, and her own distributive share of said estate as widow of the intestate, and in which she alleged that she was unable to pay this amount; that the circuit court thereupon made an order removing said administratrix, and plaintiff was thereupon appointed administrator of said estate, and has duly qualified as such, and that the circuit court adjudged and determined that said amount was due from said administratrix and was unpaid. It is also alleged that at the time of plaintiff's appointment as administrator of said estate said Charlotte Phenice had said amount of $7,546.74 in her hands belonging to said estate, and that she neglected and refused to pay over the same to him, and that the estate is not fully administered upon, and the debts are not fully paid; and the prayer is for judgment for the amount against the administratrix and the sureties on her bond. The demurrer to the petition was filed by the sureties on the bond.

The grounds on which it was sustained by the circuit court are—(1) that the bond was to the county judge and his successors in office, and plaintiff is therefore not authorized to sue thereon; and (2) that it appears from the averments of the petition that the property which came into the hands of the administratrix has long since been disposed of and converted into money, and the proceeds converted by the administratrix to her own use, and, as neither the property nor the proceeds are now assets of the estate, plaintiff has no interest therein,

and consequently no right of action therefor on the bond; but that the right of action on the bond, if any exists, is in favor of the creditors of the estate and the distributees.

I.  The first ground of demurrer has not been insisted on in this court, and we think there is nothing in it.  It is provided by section 2552 of the Code, (Rev., § 2787,) that "when a bond or other instrument, given to the state or county, or other municipal corpora- tion, or to any officer or person, is intended for the security of the public generally, or of any particular individuals, suit may be brought thereon in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof."  Although the bond in question was given to the county judge and his suc- cessors in office, it was intended for the security of all persons who might be interested in the administration of the estate, and in the proper application of its assets, and if plaintiff is now entitled to have the money which the administratrix received as the proceeds of the sale of the property of the estate paid over to him, it is very clear that under said sec- tion he may maintain an action on the bond in his own name for its recovery.

*1. ESTATES of decedents: administra- tor's bond: who may sue on.*

II.  As to the second ground of demurrer, defendants' position is that, when the administratrix converted the assets of the estate into money, the title and ownership of the money so received was in her; that her lia- bility therefor was to the creditors of the estate, and to the heirs, for their distributive shares after the debts should be paid; that said money was not assets of the estate, and as plaintiff, as admisistrator of the estate, is entitled only to the assets, he cannot maintain an action for the recovery of said amount.  That an administrator *de bonis non* at com- mon law derived his title from the deceased, and not the former executor or administrator, is certainly true.  *U. S. v. Walker*, 109 U. S., 258; *Beall v. New Mexico*, 16 Wall., 535; *Potts v. Smith*, 3 Rawle, 361.  And it was held that he was

*2. ——: powers of sub- stituted ad- ministrator.*

entitled only to the goods and personal estate which remained *in specie*. But in this state the powers and duties of a substituted administrator are defined by statute. Code, §§ 2348, 2349. It is held that he succeeds to the duties and obligations as well as the powers of the first administrator. *Shawhan v. Loffer*, 24 Iowa, 217. The administrator is charged with the duty of paying the charges and demands against the estate. Code, §§ 2418–2420. He is also empowered, with the approval of the court, to allow or approve claims against the estate, with the justice of which he is satisfied. Sections 2408, 2410. The statutes charge him with certain trusts in favor of the creditors of the estate. In *Cooley v. Brown*, 30 Iowa, 470, it is said: "Whatever ought to be applied to the payment of the debts ought to be recoverable by the administrator, representing the rights and interests of the creditors." And it is held in that case that the administrator may, for the benefit of the creditors of the estate, maintain an action for the recovery of property or its value, which had been voluntarily or fraudulently conveyed by the intestate. It is averred in the petition that the debts of the estate have not been paid, and this allegation is admitted by the demurrer.

Plaintiff, as administrator of the estate, is charged with the same duties and clothed with the same powers, with reference to these debts, as devolved upon the administratrix before her removal. It is his duty to pay them out of the assets of the estate, or out of any fund coming into his hands, which, under the law, should be applied to their payment. And he is empowered, we think, to maintain an action for the recovery of any sum in which the estate has an interest, and which ought to be so applied. That the money received by the administratrix for the property belonging to the estate constitutes a fund out of which the debts of the estate ought to be paid, is not controverted. But defendant's claim is that the liability therefor is directly to the creditors. If the adminis-

3. —— : removal of administrator: right of successor to sue on bond : rule stated.

tratrix had given the notice of her appointment prescribed by the statute, this position would probably be correct as to creditors whose claims were filed and allowed.   Section 2420 of the Code is as follows: " Other demands against the estate are payable in the following order: (1) Debts entitled to a preference under the laws of the United States; (2) public rates and taxes; (3) claims filed within six months after the first publication of the notice given by the executors of their appointment; (4) all other debts; (5) legacies." And section 2422 is as follows: "After the expiration of the time for filing the claims of the third of the above classes, the executors shall proceed to pay off all claims against the estate, in the order above stated, as fast as the means of so doing come into their hands."   And section 2421 provides that claims of the fourth class, not filed and proved within twelve months of the giving of the notice of the appointment of the administrator, are forever barred.

It is alleged in the petition that the administratrix never published a notice of her appointment as required by law.   If this be true, (and its truth is admitted by the demurrer,) the time for filing and proving claims against the estate had not expired at the time of her removal; for claims not then filed were not barred by section 2421, and the time for paying claims, as provided by section 2422, had not yet arrived, for by that section the admnistratrix was required to begin the payment of claims only upon the expiration of the time for filing claims of the third class.   It could not be determined, then, at the time of her removal, what the amount of the claims against the estate was, and consequently it was uncertain whether the assets of the estate would pay the whole of the claims or not.   It could not be determined then what amount any creditor was entitled to receive, for the administrator is warranted in paying the full amount of any claim only when it is definitely ascertained that the assets of the estate are sufficient to pay all claims of the classes which are preferred to it, and the full amount of those of the class to which

it belongs. No creditor of the estate, then, has a claim which he can now enforce against the fund in the hands of the administratrix. Whether the whole amount of his claim, or only a share thereof in proportion to the claims of other creditors, can be paid, can be determined only when the full amount of all the claims is ascertained. We think, therefore, that plaintiff can maintain an action on the bond for the recovery of the fund in her hands. As it constitutes a fund for the payment of the debts of the estate, and as plaintiff is now charged with the duty of applying it in payment of said debts, her refusal to pay it over on the order of the court is a breach of the bond.

This holding is not at all in conflict with *Kelley v. Mann*, 56 Iowa, 625. The fund which the administrator *de bonis non* sought to recover in that case was the proceeds of a policy of insurance on the life of the intestate, which had come into the hands of the first administrator. Under the provisions of the statute, this money could not be appropriated to the payment of the debts of the estate, but descended directly to the heirs. The holding was that the substituted administrator was not entitled to the fund, but that the sureties on the bond of the first administrator were answerable on the bond to the heirs for their distributive shares. If there were no claims against the estate in this case, it would be governed by the same principle. The heirs would have their action on the bond for their distributive shares of the fund, but plaintiff would have no interest in it. But until the amount of the debts of the estate is ascertained, and they are paid out of this fund, the heirs can assert no claim to it. Their interest is in the residue remaining after all claims against the estate are paid.

The judgment of the circuit court will be reversed, and the cause will be remanded for further proceedings in that court.

REVERSED.