[No. 881.   October 1, 1901.]

In the Matter of the Charges against JOHN D. W. VEEDER, a Member of the Bar of this Court.

### SYLLABUS.

1. In proceedings to disbar an attorney at law for official misconduct, neglect on the part of the attorney to notify a client of the collection of money, or neglect, to immediately pay over money collected, may in certain circumstances be reprehensible, but it is not, alone, sufficient ground for disbarment, if there is an absence of fraud, trickery, or deceit.

Original proceedings in Supreme Court of the Territory of New Mexico before the Chief Justice and Associate Justices. Petition dismissed.

In re Veeder.

## STATEMENT OF THE CASE.

This is an original proceeding, instituted by the solicitor general and a committee of the bar duly appointed by this court, on proper application, to disbar and deprive the respondent Veeder of the right to practice law in all the courts of record of this Territory, for fraudulently and in violation of his professional duty as an attorney of this court, neglecting to notify his client, for a long period of time, of the collection of a large sum of money made in his client's behalf while acting as an attorney at law for said client.

The proceeding is predicated upon specific written charges, setting forth the professional misconduct, which are stated and verified on information and belief, the sources of information being specifically set forth in the verification thereof.

The respondent denied the charges of professional misconduct by answer duly verified. The issues thus joined were tried in open court, before the full bench.

MR. JAMES G. FITCH, MR. SUMMERS BURKHART, and MR. WILLIAM H. POPE on behalf of the committee having the matter in charge.

Where a statute prescribes causes for which an attorney may be disbarred, the courts can not disbar him for causes not there specified.

Ex parte Smith, 28 Ind. 47.

Kane v. Haywood, 66 N. C. 1.

In re Eaton, 4 N. D. 514, 62 N. W. 527.

The statutes of New Mexico, sec. 121y, provide for the disbarment of attorneys, and furnish the procedure.

State v. Start, 7 Iowa 499.

Reilly v. Cavanaugh, 32 Ind. 214.

Ex parte Tripps, 66 Ind. 531.

Proceedings must be strictly construed, 41 Ind. 214.

Our statute regulates the authority of the courts of the Territory over attorneys, and directs the manner of

In re Veeder.

its exercise in the class of cases specifically mentioned, and the attempted charge or ground for disbarment here being one of such cases mentioned in the statute, a conviction must first be had before the court can acquire jurisdiction.

In the matter of H., an attorney, 87 N. Y. 521.

When an attorney is charged with malpractice, or offenses not committed within the presence and personal knowledge of the court, the correct mode of proceeding against him is by complaint or information on the oath of some individual.

Saxton v. Stowell, 11 Paige (N. Y.) 651.

Ex parte Burr, 9 Wheaton (U. S.) 529.

Matter of Percy, 36 N. Y. 651.

In re Orton, 54 Wis. 379.

Ency. Pleading and Practice, vol. 6, p. 712, authorities cited.

State v. Kimball, 12 Florida 278.

The charges should be specific, direct and positive; setting forth in terms the misconduct complained of, and should be verified by the affidavit of the accuser, unless sufficient reason is shown to the contrary.

Ency. Pleading and Practice, vol. 6, p. 713.

Ex parte Burr, supra; In re Hotchkiss, 58 Cal. 39.

People v. Lamborne, 2 Ill. 123.

To give the court jurisdiction, the action must state that the respondent acted in a professional capacity in the transaction complained of.

Ex parte Wall., 107 U. S. 265 and note in State v. Kinks, 95 Am. Dec. 333 to 345.

Ex parte Steinman, 40 Am. Reports 637 and note.

People v. Appleton, 105 Ill. 474.

The People ex rel. Ebenger Noyes, 68 Ill. 157.

For exception to this rule see dissenting opinion of Judge Field in Ex parte Wall., supra.

The information must be made on the knowledge of the accuser; mere belief will not suffice.

In re Hudson, 102 Cal. 467.

Ency. Pl. and Pr., vol. 6, p. 713, note.

An attorney is not liable to disbarment at the suggestion of a stranger for not paying over money collected, if the party to whom the money belonged was satisfied.

People v. Allison, 68 Ill. 151.

In disbarment proceedings the attorney proceeded against is entitled to be confronted by, and to cross-examine witnesses against him. Testimony can not be taken out of the State by deposition without his consent.

In re an attorney, 83 N. Y. 164.

In re Eldridge, 82 N. Y. 161.

23 Alb. Law Journal 129.

Ex parte Wall., supra, page 716.

The court must personally hear the evidence in a proceeding for disbarment, and can not delegate the taking of the evidence to a commissioner.

State v. Finley, 30 Fla. 325.

### OPINION OF THE COURT.

McMILLAN, J.—The evidence given before this court in this proceeding disclosed the following facts, to-wit: In October, 1890, the firm of Conpropst & Saalfeld, real estate and loan agents of Chicago, acting for one James Bolton, sent two notes, the property of said Bolton, made in February, 1884, one for one thousand dollars and one for two thousand dollars, to parties in Las Vegas, New Mexico, with directions to turn them over to the respondent Veeder for collection. These notes had been secured by chattel mortgage on cattle and stock of some of the makers, on the range in New Mexico; but through failure to record the mortgage and by reason of Indian depredations, the security was

so impaired that less than one hundred dollars was realized from the security.

At the time these notes reached Veeder, the maker, Barnard, was dead, Senical had become insolvent, and Mrs. Desmarais had transferred all of her real estate to her son. The notes were put in judgment against all the parties, including Mrs. Desmarias and the Barnard estate; an appeal was taken by the administrator of the Barnard estate, and the case was heard in this court and sent back for a modification of the judgment.

Pending this litigation it was ascertained that both the Barnard estate and Mrs. Desmarias had claims against the United States government by reason of Indian depredations on the property of these parties, the husband of Mrs. Desmarias and Miguel Barnard having been partners.

These claims had been submitted on proof in the court of claims; the hearing was subsequently opened, and the respondent Veeder made further proof on behalf of the parties, and the claim, as to the Barnard estate, was allowed, in about the sum of four thousand dollars.

Pending this proceeding, Mrs. Barnard applied to the probate court and procured the removal of her co-administrator, Mr. Blanchard, and thereupon filed a new bond in her own behalf as sole administratrix of the Barnard estate. This bond was valueless, and before the money was paid to the Barnard estate, on the Indian depredation claims, respondent Veeder, on behalf of Bolton, the judgment creditor, procured the probate court, on a proper application, to require the administratrix to file a good and sufficient bond.

This she was unable to do, and at her instance the respondent Veeder procured one S. A. Clements, of Las Vegas, to go on her bond as administratrix of the Barnard estate, on the express condition that nothing would be paid over to Bolton until his business in the hands of Veeder was fully closed up, and that Veeder would keep

himself in a position, with reference to the matters in hand, to fully protect Clements as surety on the bond. Thereupon the United States paid to Mrs. Barnard, administratrix of the Barnard estate, the sum allowed on the Indian depredation claims, and of this sum she paid over to Veeder, as attorney for Bolton, on account of the judgment recovered on the notes in question, the sum of one thousand eight hundred and fifty dollars, and Veeder satisfied the judgment against the Barnard estate, as appears by the records of the clerk's office, March 28th, 1895. This money was deposited to Veeder's credit, in the bank at Las Vegas.

From this time on, litigation was continued by Veeder, in behalf of Bolton, on the Desmarias claims, to recover for the Indian depredations. In July, 1899, Bolton came to Las Vegas, and on an examination of the records ascertained that the judgment in his behalf against the Barnard estate had been satisfied. He made no demand of Veeder for what was due him out of the one thousand eight hundred and fifty dollars collected, nor did he offer to pay the expenses incurred by Veeder, nor counsel and attorney's fees in the various litigations and proceedings in the probate court, district court, court of claims, and the Supreme Court, instituted and conducted in his behalf for the purpose of collecting the amount due on the notes in question, but placed the matter in the hands of an attorney for collection.

Bolton's attorney communicated with Mr. Veeder, and the correspondence shows that litigation was then pending in behalf of Bolton to collect further moneys on the judgment which Bolton had recovered, and that Veeder offered that if Bolton would give a bond to indemnify him against any liability he had incurred in Bolton's behalf, he was ready to adjust the matter, if Bolton desired to do so, before the litigation then pending was ended. This was not accepted by Bolton. Subsequently, in the month of November, during the absence of Veeder from the Territory, Bolton called upon the

district attorney, and through him the matter was adjusted, without Veeder's knowledge, by his brother, upon the paymeut to Bolton of the sum of one thousand seven hundred ($1,700) dollars.

Veeder never advised Bolton of the collection of the one thousand eight hundred and fifty dollars, but held the matter in abeyance pending the settlement of the Barnard estate in which he had agreed to hold the bondsman Clements harmless, and until he would be able to close the proceedings in the court of claims on behalf of the Desmarais claims for Indian depredations.

Veeder was worth, in good property in Las Vegas where he resided, not less than twenty-five thousand dollars, during all the time this one thousand eight hundred and fifty dollars was in the bank at that place to his credit.

If Veeder had notified Bolton of the collection of the one thousand eight hundred and fifty dollars, and had stood upon his rights as a counsellor of this court, this controversy would never have arisen. His neglect to notify his client was not only an error of judgment, but it was a breach of professional ethics. A neglect to notify a client of a collection made, or a neglect to immediately pay over moneys collected, may in certain circumstances be reprehensible, but it is not, alone, sufficient ground for disbarment. 24 Eng. Law & Equity, 392-3.

In this case, JERVIS, C. J., remarks: "There must be very special circumstances to justify such a course. Mere non-payment of money will not do."

A fraudulent withholding from a client, of money collected by an attorney, will justify disbarment, but it does not appear in this case that there was any fraud, trickery or deceit practiced on the part of Veeder, between himself and his client.

In the absence of a fraudulent withholding from a client of money collected by an attorney, the neglect to

pay over which justifies disbarment is neglect after an order of the court directing payment has been made. Jeffris, Admr., v. Laurie, 27 Fed. Rep. 195; Cross v. Ackley, 40 Iowa 493.

While this court strongly disapproves the course pursued in this matter by Mr. Veeder, as between himself and his client, yet, upon the whole evidence, no ground is found for disbarment.

The petition must therefore be dismissed, and it is ordered accordingly.

Mills, C. J., Crumpacker, McFie and Parker, JJ., concur.