MAX EMANUEL, Appellee, v. A. T. COOPER, Appellant.

**Attorney and client:** SUMMARY PROCEEDINGS: JURISDICTION. Where
an attorney receives money directly from his client in the county
of his own residence, to be applied for his client in a proceeding
in another county, and he fails to make the application as directed,
the court of the county of his residence has jurisdiction to pro-
ceed against him summarily to recover the sum.

**Same:** TERMINATION OF RELATION. An attorney's duty to his client
ceases ordinarily when the proceeding respecting which he was
employed has been terminated adversely to his client; so that if
he thereafter receives money to satisfy the judgment he does so
in a new relation not necessarily connected with the original ac-
tion.

**Same:** BOND: SUFFICIENCY. The giving of a second bond to dis-
charge an attorney's lien, because of some defect in that orig-
inally given, which was sufficient in form and substance and was
filed before the determination of the proceeding, was a substan-
tial compliance with the statute and protected the attorney, al-
though the same was not given for some little time after the
proceeding was commenced: And the fact that the attorney gave
a counter bond under the statute would not prevent the client
from recovering the money due him.

**Same:** COUNTERCLAIM BY ATTORNEY. While an attorney may be al-
lowed for his services in a summary proceeding to recover money
advanced to him, he can not recover in the absence of any evi-
dence of the value of his service.

*Appeal from Linn District Court.*—HON. M. P. SMITH,
Judge.

TUESDAY, JANUARY 9, 1912.

SUMMARY proceedings by motion to compel defendant,
who is an attorney at law, to pay over to plaintiff certain
money received by him in his professional capacity. The

trial court sustained the motion, and defendant appeals.
—*Affirmed.*

*Dawley & Wheeler,* for appellant.

*Voris & Haas,* for appellee.

DEEMER, J.—Plaintiff, a resident of California, em-
ployed defendant in July of the year 1907 to render certain
legal services for him with reference to matters in the dis-
trict court of Johnson county, Iowa, and about April,
1908, he, plaintiff, delivered to defendant the sum of
$177.62 to be deposited with the clerk of the Johnson
county court in a garnishment proceeding there pending.
This defendant failed to do, and he refused to return the
same to plaintiff, claiming an attorney's lien thereon. On
June 2, 1910, plaintiff tendered a bond to defendant for
the release of the lien as provided in sections 322, 330,
and 331 of the Code, to which reference will hereinafter
be made. At that time defendant made no objection to
the bond, and on the next day it was filed with the clerk
of the Linn county district court. On this day plaintiff
also filed his motion in the Linn county district court, ask-
ing that defendant be compelled to return the money re-
ceived by him. On the same day defendant filed a bond
under section 330 of the Code, to which we shall presently
make further reference. On June 11th, defendant filed an
itemized statement, or bill of particulars of his account
against the plaintiff, and on the 14th of that month he
filed objections and resistance to plaintiff's motion. On
June 25th, plaintiff tendered an additional bond under
the sections of the Code hitherto mentioned; no objection
being made thereto by defendant on account of its form
or sufficiency. The matter came on for hearing before
the court on June 27th, resulting in an order directing
defendant to return the money, which order, however,

expressly declared that the value of defendant's services to plaintiff were not considered or taken into account for the reason that no testimony was taken with respect thereto. The chief objections made by defendant to the motion were (1) that the Linn county district court had no jurisdiction; (2) that the bond or bonds tendered to defendant did not comply with the statute; (3) that, as defendant filed a bond to the plaintiff under section 331 of the Code, he was entitled to retain the money; and (4) that the defendant still has an attorney's lien upon the money placed in his hands for services rendered.

As the proceedings are summary in character and based upon statutes of the state with reference to attorney's liens, it seems necessary to an understanding of this opinion that these statutes be set out. Section 3826 of the Code, so far as material, reads as follows: "Judgments or final orders may be obtained on motion . . . by clients against attorneys; . . . for the recovery of money or property collected for them, and damages; and in all other cases specially authorized by statute." Section 3830 is in this language: "It (the motion) shall be heard and determined by the court without written pleadings, and judgment given according to the very right of the matter." Section 321 provides for attorney's liens, and specifically states that an attorney shall have a lien upon any money in his hands belonging to his client for services rendered. Section 322 reads as follows: "Any person interested may release such lien by executing a bond in a sum double the amount claimed, or in such sum as may be fixed by any district judge, payable to the attorney, with security to be approved by the clerk of the Supreme or district court, conditioned to pay any amount finally found due the attorney for his services, which amount may be ascertained by suit on the bond. Such lien will be released, unless the attorney, within ten days after demand therefor, file with the clerk a full and complete

bill of particulars of the services and amount claimed for each item, or written contract with the party for whom the services were rendered." Sections 330 and 331 read as follows: "An attorney who receives the money or property of his client in the course of his professional business, and refuses to pay or deliver it in a reasonable time, after demand, is guilty of a misdemeanor." Code, section 330. "When the attorney claims to be entitled to a lien upon the money or property, he is not liable to the penalties of the preceding section until the person demanding the money proffers sufficient security for the payment of the amount of the attorney's claim, when it is legally ascertained. Nor is he in any case liable as aforesaid, provided he gives sufficient security that he will pay over the whole or any portion thereof to the claimant when he is found entitled thereto." Code, section 331.

These are the relevant statutes bearing upon the questions submitted on this appeal. The jurisdictional question arises out of this state of facts. The proceedings in which defendant performed part of his services were in Johnson county, while defendant resides in Linn county, and, as we understand it, there received the money which he was to deposit in a garnishment proceeding in Johnson county, which he never did. Some of defendant's services seem to have been rendered in Linn county, and they do not appear to have had any connection with the Johnson county litigation. The receipt of the money in Linn county and the fact that it never was deposited in the Johnson county court is conceded. It is strenuously contended that as there was no case in Linn county, and as the money was deposited with defendant to be used in connection with proceedings in the Johnson county district court, the district court of Linn county had no right to entertain the motion. This proposition is based primarily upon the thought that such a motion will not lie save

1 ATTORNEY AND CLIENT: summary proceedings: jurisdiction.

where the money is deposited with reference to some proceeding in court, and that the court in which that proceeding is pending has exclusive jurisdiction to entertain such a motion as was here filed. This, we believe, is a mistaken notion. The remedy may be adopted, although there be no proceeding in court. Jurisdiction is assumed because of the fact that the attorney is an officer of court and subject to the summary jurisdiction of the courts in which he practices. It extends to any matter in which an attorney has been employed by reason of his professional character. Courts have always assumed power even without a statute to compel an attorney or solicitor to do his duty; and, if he receives money or other property belonging to his client in the character of an attorney, or because of his position as such, he may be dealt with in a summary way because of his failure to properly perform the duties of his office. Lord Tenterden, at an early date, announced this rule: "When an attorney is employed in a matter wholly unconnected with his professional character, the court will not interfere in a summary way to compel him to execute faithfully the trust reposed in him; but, when the employment is so connected with his professional character as to afford a presumption that his character formed the ground of his employment by the client, there the court will exercise jurisdiction." See *Ex parte Watts,* 1 Dowl. 512.

The proceeding is not to enforce contracts, but to secure from attorneys the proper performance of their duties as officers of court. It is founded upon the rule that a court will summarily enforce an attorney's undertaking by reason of the fact that confidence and trust are necessarily reposed in him. The question of jurisdiction necessarily depends, then, to some extent at least, upon what the duties were which were assumed by the attorney. If not in connection with pending litigation, manifestly the court of his residence has jurisdiction. If, as a result

of a proceeding in some other court, then in the court where the proceedings were had. *Union Bldg. Co. v. Soderquist,* 115 Iowa, 695.

But if he receives money directly from his client, as in this case, at the place of his residence, with reference to a proceeding in another county, and fails to go into that county to apply the money as directed, we are constrained to hold that the court of the county of his residence has jurisdiction over him, because he is an officer of that court. In such a case he receives the money for a definite purpose, to wit, to pay or release a judgment against his client, and not necessarily because of his previous employment in the case.

As a rule, an attorney's duty to his client as such ceases in connection with any given case when the proceedings are ended adversely to his client. And, if thereafter he is intrusted with money to pay or satisfy the judgment, he assumes a new relation not necessarily connected with the

2 SAME: termination of relation.

original litigation. The record is not clear regarding the nature of defendant's employment prior to the time he received the money in question. From the bill of particulars filed by him it would seem that he rendered services for the plaintiff in some cases in Johnson county and in some other matters not shown to have been at any other place than the one of his residence. In the *Union Bldg.* case, *supra,* relied upon by appellant, we suggested the thought which is here amplified in these words: "No doubt there may be cases where a special proceeding of this character can be instituted for breach of duty by the attorney not connected with any proceeding in court, and in that event it should be instituted no doubt in the county of his residence."

The required bond tendered by plaintiff contained this condition: "Now, therefore, this bond is given to the said A. T. Cooper under the provisions of sections [322]

330 and 331 of the Code of Iowa of 1897, and if the said

3. SAME: bond: sufficiency.

Max Emanuel shall pay to A. T. Cooper any amount, not exceeding the amount of this bond, which the said A. T. Cooper shall legally establish against him, . . . said bond to be void; otherwise in full force." The figures in brackets were not in it at that time. They were inserted without authority from the sureties some time after the tender and before it was filed with the clerk. This was made ground of objection in the resistance filed by defendant on June 14th. Thereafter, and on June 25th, the additional bond was tendered which was sufficient in form and substance; but to this the defendant filed the following objections at the time of hearing on June 27th: "It does not appear that the said bond was signed by the authority of said Max Emanuel, or that his attorneys, Voris & Haas, have authority to bind said Emanuel by the execution of such bond, and the defendant further objects on the ground that said bond was not offered until two weeks or more after the commencement of this proceeding, and same can not be used as a foundation for such proceedings, and the defendant objects to the bond, 'Exhibit 1,' for the reason that the interlineation appears upon its face which would invalidate said bond as to the surety thereon." No objection to this bond was made at the time of tender, nor were any lodged against the first one until the final objections to the motion were filed on June 14th. Without determining the effect of the interlineation in the bond, we are constrained to hold that the giving of the second after objection was made to the first, and, before the hearing upon the motion, was a sufficient compliance with the statute and ample protection to the defendant. Section 357 of the Code reads as follows: "No defective bond or other security or affidavit in any case shall prejudice the party giving or making it provided it be so rectified, within a reasonable time after the defect is discovered as not to cause essential injury to the other party."

This section has been applied to all sorts of bonds, and we see no reason for not applying it here. As the form and substance of the second bond are admitted to be sufficient, there is no merit in defendant's contention with reference to defective bonds.

Contention is made that plaintiff is not entitled to the return of the money because defendant gave bond under section 331 of the Code. This point is squarely ruled adversely to defendant in Cross v. Ackley, 40 Iowa, 493; and we see no reason for departing from the doctrine of that decision. Defendant is amply protected by the bonds given by plaintiff and has his remedy upon these bonds.

Lastly, it is argued that the trial court should have considered defendant's claim for services and allowed the reasonable value thereof. As the case was 4. SAME: counterclaim by attorney. not tried on that theory and defendant offered no testimony as to the value of his services, there was no error here. That the trial court had power to make an allowance is held in *Union Bldg. Co. v. Soderquist, supra,* but, in the absence of testimony, there was no error in leaving that matter undetermined. As the lower court did not consider this phase of the case, its order is not an adjudication, and defendant must proceed by action on the bond or bonds given by plaintiff. *Jamison v. Ranck,* 140 Iowa, 635, 119 N. W. 76.

No error appears, and the order must be, and it is, *affirmed.*