Jeanne J. Galloway, administratrix of estate of William A. Linsenmeyer, petitioner, v. Honorable M. C. Farber, Judge of District Court in and for Marshall County, Iowa, respondent.

No. 50201.

(Reported in 106 N.W.2d 920)

JANUARY 11, 1961.

Melio Tonini and Steward, Crouch & Kelly, all of Des Moines, for petitioner.

Boardman, Cartwright & Druker, of Marshalltown, for respondent.

OLIVER, J.—This is a proceeding in certiorari to review an order of Judge M. C. Farber in the District Court of Marshall County, Iowa, removing petitioner, Jeanne J. Galloway, as administratrix of the estate of William A. Linsenmeyer, deceased. Petitioner was a secretary in the office of Melio Tonini, a practicing attorney in Des Moines.

About May 13, 1960, Mr. Tonini mailed to the clerk of the district court of Marshall County, at Marshalltown, the petition of Richard L. Dowlar as a creditor of William A. Linsenmeyer, deceased, late of Marshall County, alleging Linsenmeyer died September 6, 1959, and no estate had been opened, that decedent owned no real estate and this creditor had not been able to locate any personal property other than an automobile liability insurance policy with the State Farm Mutual Insurance Company of Bloomington, Illinois. The creditor prayed that Jeanne J. Galloway be appointed administratrix of decedent's estate.

May 16, 1960, Judge Tobin signed an order reciting that, upon the Application of the Creditor for Letters of Administration, it is ordered "that Jeanne J. Galloway be and she is hereby appointed Administratrix of above estate upon filing a bond in the sum of $1,000." On the same day the bond, with State Surety Company as surety, was filed with and approved by the clerk, letters of administration were issued to Jeanne J. Galloway and notice of her appointment and qualification was posted.

A few days thereafter suit was instituted against decedent's estate by Attorney Tonini for the creditor Dowlar.

June 17, 1960, the clerk wrote Mr. Tonini, "the administratrix bond you filed in this estate matter states, in the caption, 'In the District Court of Iowa in and for *Polk* County.' In approving the bond I did not notice this discrepancy. Of course it must be corrected or I will be required to withdraw my approval or ask the court to enter an order disapproving the bond.

"To correct the matter, I believe the proper procedure will be for you to have the administratrix and surety change the word 'Polk' to 'Marshall' and then append to the bond a statement to the effect that they each adopt the change as effective on and since May 12, 1960 * * * and that the bond has, at all times since signed by them, had full force and effect in the District Court of Marshall County to the same extent as if it had stated 'Marshall' instead of 'Polk' County.

"I enclose the bond for such correction and, of course, will find it necessary to ask the court to suspend further proceedings in the estate until this has been done or a new bond filed, with an effective date of May 12, 1960."

The probate calendar shows the following entry in the Linsenmeyer estate: "June 17, 1960—Upon oral application of the clerk of court, all further proceedings in this estate are suspended, pending the filing of corrected or new bond, with an effective date of May 16, 1960, the date of filing of present bond the status of which may be uncertain. (signed) John W. Tobin, Judge."

June 20, 1960, the bond was returned to the clerk, apparently by mail, with the correction and statements suggested in his letter of June 17.

June 18, 1960, at 10:43 a.m. there was filed for decedent's surviving spouse a petition for revocation of the letters of administration issued to Jeanne J. Galloway, and for letters of administration for the surviving spouse, alleging, Jeanne J. Galloway had failed to file a proper bond and therefore had not qualified as administratrix, that she had no interest in the estate of decedent, nor his next of kin, that she was an employee of Melio Tonini who was attorney for an alleged creditor of de-

cedent, who sought to assert an alleged claim against the estate, and Jeanne J. Galloway was not in a position to properly defend the estate against the assertion of such alleged claim. No notice of the filing of this petition to revoke letters of administration was given Jeanne J. Galloway nor was she cited to appear and answer it.

At 11:18 a. m. the order here in question, signed by Judge M. C. Farber, was filed. It finds: "That Jeanne J. Galloway, appointed administratrix herein by order of this Court dated May 16, 1960, has failed to qualify by filing bond as ordered by this Court. That the clerk of this Court inadvertently issued letters of administration to said Jeanne J. Galloway prior to her qualification." It was ordered, adjudged and decreed, that the letters of administration issued by the clerk, "on May 16, 1960, to Jeanne J. Galloway be revoked and that her appointment be nullified, and that Lillie May Linsenmeyer be and she is hereby appointed administratrix * * *."

Upon the application of Jeanne J. Galloway it was ordered that a Writ of Certiorari issue from this court to review the order of Judge Farber.

The Return of Judge Farber to the writ states in part that at the hearing on June 18 it was developed that the administratrix, Galloway, was an employee in the office of the attorney who was to represent a claimant in a suit against the estate, for which claimant he now appears, "and the appointment appeared incompatible with the best interests of the estate, whereupon, the order dated June 18, 1960, revoking letters of administration was entered by me in the belief it was for the best interest of the estate and that if the administratrix had not yet properly qualified, no notice to her was necessary."

The Return states also that at the time of the hearing and entry of the order on June 18, the probate calendar sheet was not at hand and Judge Farber was unaware of the calendar entry made the previous day by Judge Tobin suspending further proceedings in the estate pending the filing of a corrected or new bond.

As stated in the letter of the clerk to Mr. Tonini, the caption of the bond of plaintiff as administratrix, when first

filed, recited: "In the District Court of the State of Iowa in and for *Polk* County", instead of *Marshall* County. This was the defect which the clerk required corrected. The body of the bond did not require correction. It states the principal and surety are held and firmly bound unto the aforenamed court in the sum of $1000. The conditions of the foregoing obligation are that whereas, the "Principal has been duly appointed Administratrix of the Estate of William A. Linsenmeyer. Now THEREFORE, if said Principal will", etc.—the bond was conditioned for the faithful discharge of the duties of administratrix, recited in some detail, imposed on her by law. These details are not important because the bond was a statutory bond provided for by section 633.43, Code of Iowa 1958, and the provisions of that section will be read into it. In re Estate of Durey, 215 Iowa 257, 265, 245 N.W. 236; Jaeger Mfg. Co. v. Massachusetts Bonding & Ins. Co., 229 Iowa 158, 161, 294 N.W. 268; Philip Carey Co. v. Maryland Cas. Co., 201 Iowa 1063, 206 N.W. 808, 47 A. L. R. 495.

I. Plaintiff complains that the order revoking the letters issued to her and nullifying her appointment as administratrix was made ex parte. The statutes providing for the removal of an executor or administrator require that upon the filing of a petition for such removal a citation shall issue to the person complained of. See sections 638.29, 638.30, 638.31, Code of Iowa 1958. Herrick and Doxsee's Probate Law and Practice of Iowa, Third Edition, states at page 820:

"The rule in all cases, with hardly an exception, is that, before an executor or administrator can be removed, he must be notified or cited to appear at a time and place fixed by the court, to show cause why he should not be removed; * * *."

Counsel for respondent argue that, because of the defect in the bond, the clerk, who approved it and issued the letters of administration, did so inadvertently and, therefore, plaintiff never qualified as administratrix and the court was empowered to revoke the letters of administration and nullify her appointment without notice to her. Furthermore, the order here in question states: the administratrix "has failed to qualify by filing bond as ordered by this Court" and that the clerk "in-

advertently issued" the letters of administration to her "prior to her qualification."

This theory, that the defective bond was equivalent to no bond, overlooks section 682.3, Code of Iowa 1958, which provides: "No defective bond * * * shall prejudice the party giving or making it, provided it be so rectified, within a reasonable time after the defect is discovered, as not to cause essential injury to the other party." Emanuel v. Cooper, 153 Iowa 572, 579, 133 N.W. 1064, 1067, states: "This section has been applied to all sorts of bonds, * * *. As the form and substance of the second bond are admitted to be sufficient, there is no merit in defendant's contention with reference to defective bonds."

In the case at bar we hold plaintiff's letters of administration should not have been revoked without giving her notice and an opportunity to defend or to correct the bond given by her.

II. Nor do we agree with the contention of counsel for respondent that the defect in the bond, as originally filed, invalidated it. It is clear this error, which was in the name of the county, was a clerical error. The bond was prepared for and was filed in Marshall County where the principal had been ordered appointed administratrix of the estate of William A. Linsenmeyer, deceased, late of said county. It was for the security of any person who might be interested in that estate. Anyone entitled to have money received by the administratrix paid over to him could maintain an action on the bond in his own name, for its recovery. Stewart v. Phenice, 65 Iowa 475, 478, 22 N.W. 636; Clark v. Cress, 20 Iowa 50, 54; Jenkins v. Shields, 36 Iowa 526; Pursley v. Hayes, 22 Iowa 11, 29, 92 Am. Dec. 350; Scott v. Feilschmidt, 191 Iowa 347, 352, 182 N.W. 382.

In Collins v. Ripley, County Judge, 8 (Clarke) Iowa 129, 132, the bond for an injunction was made to the county judge, instead of the county. The opinion states: "And section 2506 [section 682.2 Code of 1958] enacts, that bonds relating to public matters, and concerning the inhabitants of a county, may be made payable to the county; and if concerning the inhabitants of more than one county, may be made payable to the state. But a mistake in these respects will not vitiate the security."

To the same effect is language in Charles v. Haskins, 11 Iowa 329, 77 Am. Dec. 148, in which the obligee named in the bond was the "People of Woodbury County."

We are satisfied the surety on the bond of an administrator would not be allowed to escape liability on the ground its caption erroneously named as obligee a county other than the one in which the bond was filed and the estate was being probated. That is not to say such error should not be corrected. In the case at bar, upon the discovery of the error, the clerk, on June 17, wrote a letter demanding its correction and on the same day Judge Tobin made the calendar entry ordering all proceedings in the estate suspended until that was done. This procedure, taken the day before the order here complained of was made, was proper and resulted in the return to the clerk of the corrected bond on June 20.

III. Counsel for respondent contend the order revoking petitioner's letters of administration was proper because a few days after her appointment her employer, Mr. Tonini, brought suit against her as administratrix. This contention overlooks the essential facts. Mr. Linsenmeyer died September 6, 1959. No application for administration was made by his widow or next of kin.

May 16, 1960, Jeanne J. Galloway was appointed administratrix of his estate upon the petition of Mr. Dowlar, a creditor, which alleged the only property of decedent he had been able to locate was an automobile liability insurance policy with the State Farm Mutual Insurance Company.

The claim of the creditor appears to be for damages, for which, if established, the insurance company would be liable under its casualty policy. There is no contention decedent left any other estate.

In Liberty v. Kinney, 242 Iowa 656, 47 N.W.2d 835, this court held a casualty insurance policy indemnifying decedent against liability for personal injury, etc., was such property as would support administration of a nonresident decedent's estate.

That this is the general rule see annotation in 67 A. L. R.2d 936.

In re Estate of Lawson, 18 Ill. App.2d 586, 590, 153

N.E.2d 87, 89, holds the word "creditor" includes tort claimants and the object of appointing an administrator is not the adjudication of the rights of such alleged claimants but " 'to furnish a legal representative against or through whom such alleged rights could be determined.' "

Gordon v. Shea (In re Gordon's Estate), 300 Mass. 95, 100, 14 N.E.2d 105, 108, states: " 'The object of appointing an administrator is not to determine the rights of parties interested in that estate, but to have a legal representative of the estate of the deceased within the Commonwealth, against or through whom those rights may be asserted.' "

So in the case at bar the object of the creditor in securing the appointment of the administratrix was to have a representative of decedent's estate against whom the creditor's rights might be asserted. The real defendant in the action instituted against the administratrix is the insurance company. It will not result in any financial loss or gain to decedent's widow or heirs.

In re Estate of Fagin, 246 Iowa 496, 502, 504, 66 N.W.2d 920, 924, was a proceeding by a foreign administrator to set aside the appointment of a local administrator for a nonresident motorist. There, as here, the creditor had procured such appointment and in that case filed claims against the estate alleging they arose out of an automobile accident. The decision states:

"At the hearing the same attorney appeared for both the administrator and the claimants. This he had a right to do, just as appellant's attorney had the right to represent both the Illinois administrator and the insurance company. * * *

"Nor will appellant and the estate he represents suffer any damage if the Pilger claims be established. Appellee (Iowa administrator) will have recourse only against the Iowa property, viz., whatever insurance coverage decedent carried on his automobile subject to such claims. * * *

"In ultimate effect appellant is not the real party in interest. The real party is the insurance company * * *."

The writ of certiorari is sustained.—Writ sustained.

All JUSTICES concur except SNELL, J., who takes no part.